## ACTION FOR RECOVERY OF SECRET PROFITS FROM A PROMOTER.

Court of Appeals for Ashland County.

THE MARBLEHEAD BANK COMPANY v. S. A. RARIDON.*

Decided, October Term, 1915.

*Corporations—Secret Profits Enjoyed by a Promoter—Extent of the Recovery which May be Had by the Corporation—Promoter Stands in a Fiduciary Relation—Application of the Statute of Limitations.*

1. In an action by a corporation to recover the secret profits of its promoter, the recovery is limited to the profits actually made by him in dealing with the corporations or in transactions for the corporation.
2. In an action by a corporation to recover secret profits from its promoter, the promoter stands in a fiduciary relation to the corporation, and the action is one for a breach of duty, not for fraud, and does not come within the saving clause of the statute of limitations as an action for relief on the ground of fraud.

*Mykrantz & Patterson,* for plaintiff in error.
*C. H. Workman,* contra.

SPENCE, J. (sitting in place of Houck, J.).

It is difficult to tell what theory of the case was in the mind of the pleader when the petition was drawn, but stripped of much of its useless verbiage it seems to set forth the circumstances leading up to the incorporation of the Marblehead Bank Company, and certain transactions which took place after the incorporation of the company.

The amended petition avers that the defendant, S. A. Raridon, was the promotor of the bank company and had as his associate one W. C. Pollock; that they induced certain persons to become stockholders in the bank, representing to them that it would do a prosperous business in the village of Marblehead; that the banking company was incorporated under the laws of the

*Affirming *Marblehead Bank Co.* v. *Raridon,* 17 N.P.(N.S.), 27.

state of Ohio on the 14th day of March, 1907, and that on the 11th day of May, 1907, the defendant, Raridon, Louis St. Marie and others were elected directors, and that the stockholders or directors elected a cashier for said bank. Then the amended petition contains this averment:

"And that afterwards on May 11th, 1907, the stockholders who had subscribed for stock in said company, met and organized the same by electing directors and that said defendant was present at said meeting and falsely and fraudulently represented to the stockholders and directors of plaintiff that he had purchased for the company bank fixtures including four chairs, one directors' table, one side desk, one double desk, one single desk and table, check shelves, electric fixtures, vault doors and safe, and that said fixtures were of the value of $2,982.32; that all of the stockholders and directors of said company, aside from the defendant and the said Pollock, relied upon the representations of the defendant, in the entire organization, promotion and management of the bank at its inception."

. The amended petition further avers the defendant while in charge and control of said bank caused certain certificates of stock of the cash value of $1,000 to be issued to himself and W. C. Pollock, and that they afterwards sold and transferred said stock to other parties, and that while defendant was in charge and control of the bank he made out a "deposit slip," and caused the cashier of the bank to give him credit on a checking account for $1,988.32, which money was later checked out of the bank by defendant, and further avers that it had no knowledge of the fact that defendant had taken a credit deposit subject to checking of $1,988.32 for expenses, furniture and fixtures until the year 1910, and had no knowledge as to what amount had been paid by defendant for furniture and fixtures or the real value of the same as furnished by defendant until the year 1910, and avers that the bank furniture and fixtures were not worth more than $1,000; that between May 10th, 1907, and July 16th, 1908, the defendant drew by check from the bank the amount of $1,988.32, at which date he closed his account with the bank and asks a judgment for $1,988.32 and interest.

The petition does not aver any collusion between the defendant Raridon and the other directors of the bank, but alleges that Raridon was in charge of the bank for some time after its organization. If these allegations are true then the directors of this bank were guilty of gross negligence.

To this petition the defendant filed a demurrer, first, because the petition does not state facts sufficient to constitute a cause of action against the defendant; and, second, that the cause of action is barred by the statute of limitations or the action was not brought within the time limited for the commencement of such action.

The court of common pleas sustained the second ground of the demurrer and the case is here on error to the ruling of that court.

It was the evident purpose of the pleader to set forth a cause of action for the recovery of the difference between the actual cost or price paid by defendant for the furniture and fixtures furnished by him to the bank and the amount which he received from the bank for them.

The rule is well settled as stated in Vol. 1 of *Clark & Marshall's Private Corporations*:

"That the relation of promoters to the proposed corporation when formed, is a fiduciary relation, or a relation of trust and confidence, and for this reason it is well settled that they will not be permitted to take advantage of their position in order to make a secret profit out of their transactions on behalf of the proposed corporation or the corporators, or out of their dealings with the corporation or corporators. If they do so, they will not be allowed to retain their advantage or gain, but the transaction may be set aside in equity or they may be compelled to account or be held liable to respond in damages."

In *Yeiser* v. *United States Board & Paper Co.*, 107 Fed., 340, in the syllabus the court say:

"Promoters of a corporation who become stockholders therein assume a trust relation to the company and the other stockholders which binds them to act openly and in good faith in all matters connected with its organization, and the acquiring of

the property necessary for the transaction of the business for which it is organized and they will not be permitted to make a secret profit on the sale of such property to the corporation.''

These principles of law are conceded by counsel for defendant in error, and the question is whether the averments of the petition make a case for recovery under these well established rules of law. The petition alleges that defendant represented to the stockholders and directors that he had purchased the furniture, fixtures and equipment for the bank and that they ''were of the value of $2,988.32.'' That is not a statement or representation of a fact, but simply the expression of an opinion as to what they were worth. Waiving the form of allegation, the question is not what they were worth, but what is the difference between the amount paid for them by the defendant and the amount which he received from the company for them. The averment that the furniture, fixtures and equipment of the bank were worth only $1,000 is also the expression of an opinion as to value and does not fix the measure of recovery as the difference between that amount and the amount which the bank paid, $2,988.32, or $1,988.32.

In *Woodbury* v. *Loudenslager,* 58 N. J. Equity, 556; 43 Atlantic, 671, it is said:

''To go beyond restitution and decree the actual payment of a sum of money never received by the defendant by way of profit or otherwise, is to impose a penalty of a sort and in a fashion unknown to courts of equity, aside from causes of active fraud.''

The rule is so well recognized that it would be idle to cite authorities to show that the amount which a corporation is entitled to receive from a promoter is the profits which he actually received in dealing with or for the corporation; in other words, his secret profit.

Speaking for myself alone, I do not think that the amended petition states facts sufficient to constitute a cause of action against the defendant and that the first ground of the demurrer should have been sustained by the common pleas court.

Counsel for plaintiff in error contend that this action is one for relief on the ground of fraud, and that the action was begun within four years after the discovery of the fraud. The amended petition avers that the bank company is a corporation incorporated under the laws of Ohio; that on May 11th, 1907, the stockholders organized by electing a board of directors and a cashier for said bank; that the defendant was present at said meeting and falsely and fraudulently represented to the stockholders and directors of plaintiff company that he had purchased for the company bank fixtures, enumerating them, and that "said fixtures were of the value of $2,988.32." Then follows a statement in regard to the defendant depositing $1,600 and withdrawing the same. This seemed to be his private funds and we are unable to see how it is connected with this case, but following these statements is this allegation:

"Plaintiff further avers that it had no knowledge nor did any of its directors or stockholders, except the said defendant and the said Pollock, have any knowledge of the fraudulent transaction of the defendant or had any knowledge that the representations made by him were fraudulent and false until in the year 1910."

If the petition sets forth a cause of action for relief on the ground of fraud, then the allegation that the fraud was not discovered until within four years of the time the action was begun, would be good as against a demurrer. In *Zieverink* v. *Kemper*, 50 Ohio St., 208, the court say (syllabus):

"When it appears from plaintiff's petition on an action for relief on the ground of fraud that the cause of action accrued more than four years before the action was commenced, a general averment in the petition that the fraud was not discovered by plaintiff until a time within four years before the action was brought is sufficient to bring the case within the saving clause of the statute of limitations for such actions, without specifically setting out when the discovery was made, or how it was made or why it was not made sooner."

We come now to the question as to whether this is an action for relief on the ground of fraud and comes within the saving

clause of the statute which provides that the cause of action shall not accrue until the fraud is discovered. In *Carpenter* v. *Canal Company*, 35 Ohio St., 307, Okey, J., says:

"These sections (now Section 11224, General Code) extend to causes of an equitable as well as those of a legal nature."

Waiving all questions as to the anomalous petition and assuming that it makes a cause of action for the recovery of the secret profits of a promoter, is such an action one for relief on the ground of fraud or is it one for breach of duty on the part of the promoter?

The petition alleges that the furniture, fixtures and equipment for the bank were sold by the defendant to the bank company on May 11th, 1907, and if there was any fraud practiced by the defendant it was at the time of the sale of the furniture to the bank, and the statute of limitations would begin to run against the bank from that date, unless there has been a toll of the statute by undiscovered fraud.

In *Clark and Marshall's Private Corporations*, Volume 1, page 325, it is said:

"To render the promoter of a corporation thus liable to account for secret profits made by him in the transactions on behalf of the corporation, it is not necessary to show that there was a fraudulent intent on his part. It is enough if the profits were made secretly, and without the consent of the corporators."

In *Pietsch* v. *Milbrath* (Wisconsin), 101 N. W., 388, second syllabus:

"The right of action against the promoters of a corporation to recover illegal profits made by them in buying for the corporation, at a price far in excess of its actual price, land on which they had obtained a secret option is one at law which is barred in six years from its accrual under Revised Statutes, 1898, Section 4222, and is not cognizable solely by a court of equity, within the exception of subdivision 7, which postpones the running of limitations until discovery of the right of action."

*Thompson on Corporations*, 2d Ed., Section 105, page 117:

"The liability of promoters for secret profits made by them in transactions between them and the corporation is not based on the theory of fraudulent intent on their part, but grows out of their relation to the corporation and the duty which they owe such corporation and the persons with whom they are dealing. They are clearly liable, even in the absence of fraud, on a mere failure to make full disclosures of their position and purpose. Their liability is fixed and the right to recover established when it is made to appear that such secret profits were obtained by them without the knowledge or consent of the corporation or its members. It is not so much the purpose of equity to visit. him with a penalty for concealment as it is to require him to account for the profits actually made by reason of such concealment."

We have examined many other cases which bear more or less directly upon the questions here involved, but we think the cases cited are sufficient to illustrate the law as we understand its application in such cases as the one at bar. Our attention has not been called to any decisions to the contrary in this class of cases, and we have not been able to find any. We think on principle that these decisions are right. When cases are clearly within the provisions of the statutes limiting the time within which actions shall be brought, we have no power to refuse their enforcement, though they may work an occasional hardship.

The judgment of the court of common pleas will be affirmed.

SHIELDS, J., and POWELL, J., concur.