## Gibson *v.* Gillespie, Appellant.

*Practice, C. P.—Actions—Assumpsit—Trespass — Account render—Bill in equity—Remedy—Estoppel.*

1. Where a person has received money from another to perform a certain trust, and has wholly omitted to perform his duty, and converted the money to his own use, the remedy of the person injured is either in assumpsit or trespass and he is not required to proceed by action of account render or by bill in equity.

2. Where defendant has treated an action, in form trespass, as one of assumpsit, and has filed an affidavit of defense and counterclaim, and the case has been tried on its merits, defendant cannot, after a verdict against him, be heard for the first time to allege that the remedy should have been an action in account render, or a bill in equity.

Argued September 28, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 120, March T., 1927, by defendant, from judgment of C. P. Allegheny Co., April T., 1925, No. 849, on verdict for plaintiff, in case of Addison H. Gibson, surviving partner of Gibson & Zahniser, v. E. N. Gillespie. Affirmed.

Trespass for wrongful conversion. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $55,000. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*George D. Wick,* with him *Reed, Smith, Shaw & McClay,* for appellant.—The action of trespass in this case is not the proper remedy: Reeside v. Reeside, 49 Pa. 322; Mocomber v. Proctor, 22 Pa. Superior Ct. 483; Burton v. Trainer, 27 Pa. Superior Ct. 626; Horine v. Mengel, 30 Pa. Superior Ct. 67.

*Earl F. Reed,* of *Thorp, Bostwick, Stewart & Reed,* for appellee.—Trespass was the proper form of action: Reeside v. Reeside, 49 Pa. 322; Trust Co. v. Baker, 278 Pa. 481.

Appellant cannot raise the question of the form of action at this stage of the proceeding: Shaw v. Newingham, 279 Pa. 180; Bennett v. Bullock, 35 Pa. 364; New York & Penna. Co. v. R. R., 267 Pa. 64; Sprigg v. Title Ins. & Trust Co., 206 Pa. 548.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1927:

In form this was an action of trespass in the court below; as the case was actually carried on it was assumpsit. The verdict favored plaintiff and from the resulting judgment defendant appeals, raising but a single question: Whether under the situation developed an action of trespass will lie; should not the remedy have been that of account render or bill in equity?

Defendant organized a syndicate to purchase the stock of an oil company. The firm in which plaintiff was a member and of which he is now the surviving partner contributed $55,000 to the syndicate. As it was planned the defendant and others who contributed to

the undertaking expected to have a fund of $1,000,000 to devote to the stock purchases; as it turned out there was paid into the pool less than half this amount. When it was wound up everything had been lost.

Defendant rendered no account to plaintiff for the $55,000 which his firm had advanced to the syndicate and this action of trespass was begun. The statement of claim averred, among other things, that defendant in violation of the trust and confidence reposed in him did not use the money which he received in the manner he had promised to use it, to purchase the stock, but on the contrary had personally cashed the check for plaintiff's subscription and had fraudulently misappropriated the proceeds thereof to his own use. It was testified in plaintiff's case that defendant's undertaking and promise was to purchase the stock outright and not on margin, which is the way the stock purchases were actually made and which defendant says was the understanding; that it was also agreed that the funds subscribed and the stock purchased therewith were to be carried in a separate account, whereas defendant placed the money and carried the stock in his personal account. Witnesses testified that defendant had admitted in their presence that he had used the money which plaintiff had given to him for other purposes than those of the syndicate and the testimony would warrant at least the fair inference that he had mingled the money which was turned over to him with that used in his own stock speculations. Defendant claimed that he invested the syndicate's funds in accordance with the syndicate agreement and that they had been lost in the speculation. We think it not necessary to burden this opinion with a recital of the further complicated facts; those noted which are the outstanding ones are sufficient to enable us to reach our conclusion on the single question raised.

Appellant's counsel argue that under the facts as averred and shown, an action of trespass will not lie,

that the proper remedy is either account render or bill in equity; that plaintiff paid the money to defendant, under an agreement which constituted the latter a trustee to use the money along with that of others to buy and sell the stock, and that after the transactions of the syndicate were completed, defendant was to account to plaintiff for the amount invested, plus any profits accruing to his share, or less any losses chargeable against it; that appellant had duties to perform for the syndicate before there was any obligation to repay the amount received from plaintiff and that there never was the duty on appellant to make to him direct payment. In support of their position, appellant's counsel rely on Reeside's Executor v. Reeside, 49 Pa. 322, where it is held that neither assumpsit nor an action ex delicto will lie against an agent for money intrusted to be laid out in a special manner where he actually enters upon and performs the duties of his trust; that the remedy is by bill in equity or account render; that if the trust be to pay to the principal directly, assumpsit is the proper action, but where it is one of outlay, requiring an exhibit of the sums expended, assumpsit will not lie until it be ascertained in an action of account render that a balance is due. In that case, however, it is pointed out that, where a duty arises out of an implied undertaking to do an act requiring skill or fidelity, a breach of the duty may be the subject of an action of assumpsit upon the implied promise, or of an action upon the special case for the tort. It was there said (p. 331), "The breach of duty and not fraud, is the foundation of the action. If, therefore, this were a case where the agent, having received the money of his principal to perform a certain trust, had wholly omitted to perform his duty, and converted the money to his private use, the entire breach of duty no doubt would expose him to an action in form ex delicto, or to an action of assumpsit for money had and received to the use of the plaintiff." What was averred here and what was shown if plain-

tiff's case is credited, as it was by the jury, was that defendant breached his duty, that he received the money of plaintiff to perform a certain trust and wholly omitted to perform his duty and converted the money to his own use; under these circumstances either trespass or assumpsit could be resorted to.

As a matter of fact the action was tried as one of assumpsit. Defendant filed an affidavit of defense and counterclaim and resisted plaintiff's efforts to have the latter stricken off on the ground that it was not permissible in trespass. The court below permitted the counterclaim to stand and on the trial defendant was allowed to prove his counterclaim and his accounts and transactions connected with the syndicate. No objection was made prior to verdict that the action should have been account render or in equity. "The remedy in equity by bill for accounting is not exclusive and in cases that afford defendant full opportunity to present his defense in an action at law, he cannot be heard to complain that equity and not assumpsit is the proper proceeding": Shaw v. Newingham, 279 Pa. 180, 182. What was said in Ehmling v. D. L. Ward Co., 279 Pa. 527, 532, is most apposite here: "We cannot now turn plaintiff out of court on the ground that he should have filed a bill in equity or brought an action of account render and not assumpsit; no such question was raised or suggested in the trial court; on the contrary, the defendant there filed a responsive affidavit of defense and went to trial upon the merits......By going to trial upon the merits and taking its chances of a verdict, defendant waived any question as to the form of the action and cannot raise one for the first time on appeal."

The judgment is affirmed.