Hart, J.
 

 The causé of action, if any, against the defendants as trustees arose when their jurisdiction and control over the
 
 res
 
 of the trust terminated. According to the amended petition this was on May 11,
 
 *242
 
 1933. This action was commenced on November 10, 1941, eight years and six months after the alleged, cause of action arose. The trial court held, and the Court of Appeals concurred in such holding, that the four-year statute of limitation, Section 11224, General Code, applied, and barred the plaintiff’s cause of action. That section of the General Code is as follows:
 

 “An action for either of the following cases, shall be brought within four years after the cause thereof accrued :
 

 “1. For trespassing on real property;
 

 “2. For the recovery of personal property, or for taking or detaining it;
 

 “3. For relief on the ground of fraud;
 

 “4. For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated * * ■*.”
 

 It is the contention of the superintendent that this is an equitable rather than a legal action, dealing with an express trust, and that as a consequence the four-year statute of limitation above quoted has no application. On the other hand he claims that the ten-year statute of limitation, Section 11227, General Code, governs. That section of the General Code reads as follows:
 

 “An action for relief not hereinbefore provided for, shall be brought within ten years after the cause thereof accrued. This section does not apply to an action on a judgment rendered in another state or territory.”
 

 The reasoning back of the superintendent’s contention is that the four-year statute, now Section 11224, General Code, was first enacted as a catchall limitation statute in 1831; that all limitation-of-action statutes then applied to common-law actions and not to bills or suits in equity; that when the reformed procedure act of 1853, abolishing the distinctions between purely legal and equitable actions, was adopted, section 18 of the act, now Section 11227, General Code, was included
 
 *243
 
 as a new and additional catchall limitation statute with the intent and purpose that it apply to bar “relief” in actions in equity only; that if this were not the purpose and intent in adding section 18 of the act, its adoption was purposeless because the subject matter was already fully covered under section 15 of the act (the four-year limitation statute); and finally that the longer period of limitation provided by the ten-year statute is indicative of the fact that it was intended as a substitute for the defense of laches in equity jurisprudence which was traditionally reluctant to allow the mere lapse of time, without some negligence or fault on the part'of a plaintiff, to defeat his right of action.
 

 The superintendent alleged that as a direct result of the acts of the defendants in violation of their express trust, the value of the interest of the beneficiaries and successor trustees of the trust and of this plaintiff, the assignee of their interest, was diminished through the acquisition and retention of the shares, and through the payment of superadded liability imposed. What limitation period must be applied to the right of recovery against the defendants on a cause of action charging a breach of trust? This court has held that courts of equity are not open for the recovery of money unless some peculiarly equitable relief is sought
 
 (Willson Improvement Co.
 
 v.
 
 Malone,
 
 78 Ohio St., 232, 85 N. E., 51), and if there is an adequate remedy at law, an equitable action cannot be maintained.
 
 Chapman
 
 v.
 
 Lee,
 
 45 Ohio St., 356, 13 N. E., 736.
 

 In the ease last cited this court held that an accounting in equity is not necessary in an action against several defendants charged with a conspiracy to defraud the plaintiffs thereby procuring for their own use a single sum of money which rightfully belonged to the plaintiffs and which plaintiffs were entitled to recover, and for which they sought a joint judgment against the
 
 *244
 
 defendants, notwithstanding that plaintiffs prayed for a full discovery and for an accounting for the full amount due them.
 

 To bring a cause within the jurisdiction of a court of equity, it is requisite that the primary right involved be an equitable right as distinguished from a legal right, or that the remedy at law as to the right involved is not full, adequate and complete. 30 Corpus Juris Secundum, 338, Section 20. A court of equity will not ordinarily take jurisdiction where a money judgment is the ultimate relief sought.
 
 Weidman
 
 v.
 
 Weidman,
 
 274 Mass., 118, 174 N. E., 206, 76 A. L .R., 1359.
 

 The period of limitation within which an action must be commenced, is determined from the nature of the demand and the ground of the action as set out in the pleadings. When a fiduciary relationship exists and there is a breach of trust through mistake, illegal action, bad faith or fraud, the beneficiary may have an accounting. If the basis of the breach of trust is fraud, the four-year statute (Section 11224, General Code) clearly applies, because the action is "for relief on the ground of fraud.”
 

 By a divided court, this court has held that a cause of action by one partner against his copartner for accounting on dissolution of the partnership, where there were no bad faith, illegality or fraud, and no wrongful disposition of funds on the part of the defendant partner, is barred by the ten-year statute of limitation.
 
 Gray
 
 v.
 
 Kerr,
 
 46 Ohio St., 652, 23 N. E., 136. But-this court has, on numerous occasions, held that Section 11224, General Code, and its predecessor, Section 4982, Revised Statutes, applies to equitable as well as legal actions.
 
 Carpenter
 
 v.
 
 Cincinnati & Whitewater Canal Co.,
 
 35 Ohio St., 307, 316;
 
 Howk
 
 v.
 
 Minnick,
 
 19 Ohio St., 462, 2 Am. Rep., 413;
 
 Combs
 
 v.
 
 Watson,
 
 32 Ohio St., 228;
 
 Loffland
 
 v.
 
 Bush,
 
 26 Ohio St., 559. And this court has subsequently held that where an
 
 *245
 
 executor or administrator has filed in the Probate Court an account of final distribution and the same has been approved and confirmed by the court, and the executor or administrator discharged from the trust, such account is conclusive unless impeached for manifest error or for fraud within four years after the discovery of the fraud.
 
 Henry, Exr.,
 
 v.
 
 Doyle, Exr.,
 
 82 Ohio St., 113, 91 N. E., 990, 137 Am. St. Rep., 769.
 

 Other courts in this state have made similar holdings. For instance, it has been held that where an action is brought by a corporation against its promoter to recover secret profits, the ground of the action is not fraud, although fraud may be averred in the petition. The action is not one for “relief on the ground of fraud” within the meaning of Section 11224, General Code, but the ground of the action in such case is breach of duty. The action is nevertheless covered by that statute.
 
 Marblehead Bank Co.
 
 v.
 
 Raridon,
 
 4 Ohio App., 468.
 

 An action by a corporation to recover damages for the
 
 ultra vires
 
 and negligent acts of its former directors and officers is based on the common-law rule which renders every agent liable who violates his authority or neglects his duty to the damage of his principal, and such action is one “for an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated” and must be brought within four years after the cause of action accrues.
 
 Minster Loan & Savings Co.
 
 v.
 
 Laufersweiler, 67
 
 Ohio App., 375, 36 N. E. (2d), 895. And the court in the ease of
 
 Hilliker
 
 v.
 
 Grand Lodge, K. of P.,
 
 112 F. (2d), 382, held that a cause of action for the recovery of funds allegedly withdrawn with the connivance of the Superintendent of Banks, subsequent to the taking over of a bank for liquidation, is barred in four years under Section 11224, General Code.
 

 But what limitation bar shall be applied where the
 
 *246
 
 cause of action is based upon the tortious conduct of trustees involving bad faith and negligence in purchasing for a trust investment shares of stock of a corporation in which they are directors, where the action, if maintained, will result in a money judgment measured by the loss suffered by the trust?
 

 It is' a general rule that when a trustee has terminated his trust and parted with control of the property, the statute of limitation begins to run in his favor as to a cause of action against him for breach of trust
 
 (Barnes
 
 v.
 
 Barnes, Admx.,
 
 282 Ill., 593, 118 N. E., 1004, 4 A. L. R., 4) and after the trust relationship is at an end and the trustee has yielded the estate to a successor, the running of the statute begins and only actual or intentional fraud will be effective to suspend it.
 
 Spallholz
 
 v.
 
 Sheldon,
 
 216 N. Y., 205, 110 N. E., 431. See, also,
 
 Daugherty
 
 v.
 
 Daugherty,
 
 116 Iowa, 245, 90 N. W., 65;
 
 Gibson
 
 v.
 
 Gillespie,
 
 291 Pa., 77, 139 A., 588.
 

 Under the facts set out in the amended petition, the operation of the trust in question had terminated and the trust was dead. The trustees had resigned and the creator of the trust was in the process of liquidation. The question presented does not relate to dereliction in the operation of an active, existing, express trust, but to the recovery of loss alleged to have occurred through the tortious conduct of the defendants while acting as trustees, and incidentally to the proper distribution of that recovery, if and when made. The primary issue was whether the defendants, as individuals, were guilty of tortious conduct resulting in loss to the trust while the issues with reference to the amount of recovery and its distribution arose only in the case the primary issue was determined against the defendants.
 

 This court has heretofore held that an action is equitable if it is necessary to determine first whether the plaintiff is entitled to equitable relief before legal redress can be granted; but if the primary or paramount
 
 *247
 
 relief sought is legal and the equitable redress merely incidental, it is an action at law.
 
 Nordin
 
 v.
 
 Coulton,
 
 142 Ohio St., 277, 51 N. E. (2d), 717;
 
 La Bounty
 
 v.
 
 Brumback,
 
 126 Ohio St., 96, 184 N. E., 5. And it has been held that an action by a beneficiary claiming damages from a trustee for his breach of duty in refusing to pay or deliver the trust fund, or in making improper investments, is one at law, triable, by a jury.
 
 Dettenhorn
 
 v.
 
 Hartford National Bank & Trust Co.,
 
 121 Conn., 388, 185 A., 82. See, also,
 
 Minster Loan & Savings Co.
 
 v.
 
 Laufersweiler, supra; United States
 
 v.
 
 Bitter Root Development Co.,
 
 200 U. S., 451, 475 and 478, 50 L. Ed., 550, 26 S. Ct., 318;
 
 City of Sedalia, ex rel. Bauman, Treas.,
 
 v.
 
 Standard Oil Co. of Indiana,
 
 66 F. (2d), 757, 95 A. L. R., 1514.
 

 It is the policy of the law, as disclosed by our scheme of statutes of limitation of actions, to require actions which involve the alleged tortious conduct of a defendant to be asserted and prosecuted promptly unless-concealment or undiscovered fraud on the part of the defendant is found to exist, for which exceptions are usually made in the general plan for limitation of actions.
 

 We conclude that since this action is based upon an alleged breach of trust on the part of the defendants, it is one for ‘ ‘ an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated” and is governed by Section 11224, General Code, popularly known as the four-year statute. The demurrer to the amended petition was properly sustained and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman and Wmliams, JJ., concur.
 

 Bell, J., concurs in judgment.