## DEVLIN v. WEBSTER et al.

Common Pleas Court, Montgomery County.

No. 99901. Decided July 28, 1950.

Nichols, Wood, Marx & Ginter, Cincinnati, Canny & Holzfaster, Dayton, for plaintiff-appellant.

Estabrook, Finn & McKee, Arthur Meyring, Dayton, for defendants-appellees Zarbock, Golob, Meyring, Hummert, Wilcke, Ellinger and Casey.

Guy Miller, Dayton, Alley, Cole, Grimes & Friedman, New York City, for defendant-appellee Standard-Thomson Corp.

**OPINION**

By CECIL, J.

This case is pending before the court upon a demurrer of the defendant, Standard-Thomson Corporation, and a demurrer of the defendants, Robert Casey, Carl Wilcke, John Golob, Arthur Meyring, Albert H. Ellinger, L. G. Zarbock and R. H. Hummert, to the first cause of action of the plaintiff's petition for the reason that it is barred by the Statute of Limitations.

The facts alleged in the petition are briefly that the plaintiff is a stockholder of the defendant, Standard-Thomson Corporation; that she brings this action on behalf of Standard-Thomson Corporation for the benefit of herself and all other stockholders of such Corporation who may desire to join with her in prosecuting the same; that the defendant, Reginald N. Webster, was the owner of a substantial majority of the outstanding voting stock of said Corporation and that he and the other defendants were directors thereof for the period set forth in the petition; that all of the defendant directors in or about the year, 1943, entered into a conspiracy whereby they agreed to have Standard-Thomson Corporation acquire companies in which they had a financial interest at cost greatly in excess of their true value; that such conspiracy "contemplated that such defendants would profit, directly or indirectly, because of their prior financial interest in said companies to be acquired, and make secret profits in connection with such acquisitions by means of concessions granted to them by the acquired concerns and otherwise, and did unlawfully and improperly obtain for themselves profits from Standard-Thomson in the form of bonuses and other forms of so-called incentive compensation, with the result that said defendants would make large profits and would be unjustly enriched at the expense of Standard;" that, in the pursuance of this conspiracy, Standard-Thomson Corporation acquired 346,250 shares out of 347,500 shares of American Aviation Corporation in August 1944 and gave in exchange therefor three-fourths of a share of Standard-Thomson Corporation for each share of American Aviation Corporation and that the investment in American Aviation Corporation by Standard-Thomson Corporation was a total loss.

The question presented to the court is whether or not the four-year limitation provided by §11224 GC or the ten-year one provided by §11227 GC is applicable. If the subject of the action is exclusively an equitable one, then the ten-year limitation applies.

Counsel for the plaintiff claim that the Courtright case, a Common Pleas Court decision by Kinkead, J., Glass v. Courtright, 14 Ohio N. P., N. S., 273 has been indirectly approved by the Supreme Court in the Scullin case, **Scullin v. Mutual Drug Company, 138 Oh St 132, 33 N. E. 2d 992,** and is decisive of the issue.

Counsel for the defendants claim that the Jensen case, a Common Pleas Court decision by Lausche, J., **Jensen v. Republic Steel Corporation, 32 Abs 29,** has been indirectly approved by the Supreme Court in the House case, **State ex rel. Lien, v. House, 144 Oh St 238, 58 N. E. 2d 675,** and that it is controlling.

Our conclusion is that the right of a stockholder to bring a derivative action on behalf of a corporation is an equitable one. The subject of the action or remedy by which redress is sought may be either legal, equitable or statutory. The reasoning in the Jensen case is sound and is supported by the decisions of the courts and by the text writers. The Courtright case, insofar as it differs with this, is not now the law. The Scullin case supports this view. The court said [**138 Oh St 132, 33 N. E. 2d 994**]: "In the absence of a statute to the contrary, such cause of action is of equitable cognizance only." In other words, if there is no statute authorizing a stockholder's suit to be brought for the benefit of a corporation, such an action is of equitable cognizance only. That is, there is no remedy at law to warrant such an action. The particular remedy invoked, in this case, by the stockholder for redress is a statutory one. §8623-123b GC. If this view of the law is accepted, all of the Ohio cases, except the Courtright case, can be understood and reconciled.

What then, is the nature of the remedy which the plaintiff invokes? It is conspiracy. Counsel for plaintiff have, in clear, concise and unmistakable language, set forth a cause of action under the common law action of conspiracy. This is an action at law. The measure of damages is the difference between the cost of the stock to the corporation and its actual value. Does the uncertainty of this amount and the accounting features of the cause of action make it equitable instead of legal? We think not. In the case of **Nordin v. Coulton, 142 Oh St 277, 51 N. E. 2d 717, 718,** the court said:

"Under the general rule the nature of a case is determined from the pleadings and the issues presented thereby. It is equitable if it is necessary to determine first whether the plaintiff is entitled to equitable relief before legal redress can be granted. But, conversely, if the primary or paramount relief

is legal and the equitable redress merely incidental, it is an action at law."

The case of **Squire v. Guardian Trust Company, 79 Oh Ap 371,** 5th Syllabus, 72 N. E. 2d 137, 140, is as follows:

"Where the relief of accounting is merely ancillary to the principal relief of obtaining money, the action is one at law and not in equity."

In this case, the court held that it was not necessary for the Superintendent of Banks to invoke equity jurisdiction, but that if he failed to bring the action and such an action was brought by a stockholder or creditor of the Bank, it would be necessary to invoke equity jurisdiction. The court held that the remedy invoked by the Superintendent of Banks was a legal one and that the four-year statute of limitations was applicable. The 22nd syllabus reads as follows:

"In an action maintained by the Superintendent of Banks against directors of such bank for loss to the bank, due to wrongful acts of such directors, not amounting to fraud upon the bank, the Superintendent in such action represents depositors who upon his refusal to act, could have maintained such action, but such action by depositors would have been for the benefit of the bank and their action in such representative suit would have been subject to any statute of limitations applicable to the right of action of the bank. Such depositors as a class have no right of action independent of that of the bank for such wrongful acts and loss."

The House case, supra, was likewise one brought by the Superintendent of Banks for malfeasance of directors and the court there held that such an action was an action at law and controlled by the four-year statute of limitations. This case supports the theory that the nature of the remedy sought by the plaintiff, in the case at bar, is legal. The court said [144 Oh St 238, 58 N. E. 2d 678]:

"An action by a corporation to recover damages for the ultra vires and negligent acts of its former directors and officers is based on the common-law rule which renders every agent liable who violates his authority or neglects his duty to the damage of his principal, and such action is one 'for an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated' and must be brought within four years after the cause of action accrues."

The case of **Minster Loan & Savings Company v. Laufersweiler, 67 Oh Ap 375,** 36 N. E. 2d 895, was an action by the corporation against the directors. The court held here that the remedy sought by the corporation against the directors

was an action at law. It is our conclusion that the remedy sought by the plaintiff, in the case at bar, is an action at law. Therefore, subdivision four of §11224 GC is controlling. This provision of the statute is as follows: "For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated."

Another claim made by the plaintiff is that even though the four-year statute does apply, the first cause of action is not barred because the statute of limitations is tolled while the corporation continues under the domination of the wrong-doers. In the House case, supra, the court held "The cause of action, if any, against the defendants as trustees arose when their jurisdiction and control over the res of the trust terminated." This was an express trust and it has been held in Ohio that the directors of a bank or a corporation do not hold an analogous position to the trustees of an express trust.

In the Squire case, supra, the 12th Syllabus reads as follows:

"The relation of directors to a solvent bank is not that created by the obligations imposed upon the fiduciary of an express trust."

And the 15th Syllabus is as follows:

"The statute of limitations commences to run from the time a wrongful act is committed by a director either involving a violation of his common law duty to the bank or a violation of statutory obligation."

In the case of **Hart v. Guardian Trust Company,** Ohio Com. Pl., 75 N. E. 2d 570, **48 Abs 545,** the 18th Syllabus reads as follows:

"Bank directors are not trustees of an express trust so as to suspend the operation of the statute of limitations until their service as directors is terminated."

In the face of the above decisions and in the absence of authority to the contrary in Ohio, we conclude that the statute was not tolled while the defendants remained in office as trustees.

Counsel for plaintiff agree that the cause of action did not accrue in August, 1944. In support of this, it is said that the petition does not allege that the corporation suffered any damage at the time the transaction was consummated. "If the cause of action accrued at the time the damage was sustained, the Petition was not demurrable because the date does not appear therein."

If this transaction were a wrongful act and the stock of the American Aviation Corporation, at the time of the purchase

by Standard-Thomson Corporation, was worth less than was paid for it, Standard-Thomson Corporation suffered the loss at the time of the transaction and this is true even though the loss may not have been recognized by the plaintiff at the time. Indeed, the charge of the plaintiff is that the defendants conspired to do this very act to their own advantage and to the detriment of the corporation.

Argument is advanced by counsel for the plaintiff that the conduct of the defendants constitutes a continuing tort or wrong. They entered into a conspiracy, perpetrated the wrongs charged in the first, second and third causes of action and never sought legal redress on behalf of the corporation. In other words, they committed wrongs, did not make restitution therefor or sue themselves for their wrongs, and, therefore, the original wrongful act is a continuing one. This reasoning has a fallacious ring but it is, nevertheless, deceptive. It sounds like lifting one's self by one's own boot straps.

The quotation on page 20 of defendants' Reply Brief from the case of Nurick v. Baker, Sup., 14 N. Y. S. 2d 503, 506 is applicable.

"The failure of the directors to bring an action on behalf of the corporation did not constitute a continuing wrong on their part which had the effect of extending the period during which an action might be commenced against them. Assuming that rights of action, other than those founded upon the allegedly wrongful payments, were created by the failure of the directors to bring suit, such additional rights of action also arose when the original wrongs were committed, for the directors could have instituted suit at once."

Finally, it is claimed by counsel for plaintiff that the first cause of action is not barred by the statute of limitations because the time would not begin to run until the occurrence of the last of a contemplated series of overt acts. In support of this, is cited the case of Northern Kentucky Telephone Company v. Southern Bell Telephone & Telegraph Company, 6 Cir., 73 F. 2d 333, 97 A. L. R. 133. The first two Syllabi of this case read as follows:

"Conspiracy is not a continuing wrong in the sense that so long as damages flow, without a regard to the time of formation of the conspiracy or the commission of overt acts, the Statute of Limitations against an action therefor does not begin to run."

"The Statute of Limitations against a cause of action for conspiracy begins to run upon the occurrence of an overt

act resulting in damages, or the last of a contemplated series of such acts."

We understand this to mean that the time runs as to any particular overt act and from the date of the overt act and not from the conspiration agreement. Otherwise, if the time limited by the statute expired between the agreement and the overt act, the overt act would be barred.

It is our judgment that the first cause of action in plaintiff's petition accrued in August 1944 and that it is subject to the four-year statute of limitations. The demurrers will, therefore, be sustained.