Myrene M. SHREWSBURY and Alvin H. Shrewsbury, Plaintiffs-Appellants,

v.

Dr. Dewayne SMITH et al., Defendants-Appellees.

No. 74–2009.

United States Court of Appeals, Sixth Circuit.

March 11, 1975.

Walter J. Wolske, Jr., Wolske & Blue, Columbus, Ohio, John C. Wasserman, Toledo, Ohio, for plaintiffs-appellants.

Benjamin B. Durfee, Spengler, Nathanson, Heyman, McCarthy & Durfee, James R. Jeffery, Toledo, Ohio, for defendant-appellee.

Before WEICK, McCREE and MILLER, Circuit Judges.

PER CURIAM.

This appeal is from an order dismissing the complaint on the ground that the cause of action for malpractice was barred by Ohio's one-year statute of limitations. Ohio Rev.Code § 2305.11. We are of the opinion that the appeal was timely filed, and the motion to dismiss is therefore overruled.

Defendants contend that the statute of limitations commenced to run at the latest when the physician-patient relationship ended and the action admittedly was not brought within that time. Wyler v. Tripi, 25 Ohio St.2d 164, 267 N.E.2d 419 (1971).

The Supreme Court of Ohio adopted an exception to this rule in Melnyk v. Cleveland Clinic, 32 Ohio St.2d 198, 290 N.E.2d 916 (1972), where a foreign object was left inside the patient during the course of the operation.

In *Melnyk* the Court held in Syl. 1:

Where a metallic forceps and a nonabsorbent sponge are negligently left inside a patient's body during surgery, the running of the statute of limitation governing a claim therefor is tolled until the patient discovers; or by the exercise of reasonable diligence should have discovered, the negligent act. (Wyler v. Tripi, 25 Ohio St.2d 164, 54 O.O.2d 283, 267 N.E.2d 419 distinguished).

The Court, however, did not disturb the holding in *Wyler* which declined to adopt the so-called discovery rule in ordinary malpractice cases; nor did the Court adopt a fraudulent concealment exception.

Our case involved a complete hysterectomy operation performed on the plaintiff, Myrene M. Shrewsbury, by the defendants, Doctors Smith and Dierksheide, during which surgery plaintiff's bladder was cut. When the bleeding developed she was referred by the defendants to a urologist who performed surgery to correct a vesicle vaginal fistula.

Antedating both *Wyler* and *Melnyk*, the Court of Appeals of Cuyahoga County considered a case directly in point. In re Estate of Natherson, 102 Ohio App. 475, 481, 134 N.E.2d 852, 856 (8th Dist., 1956), wherein the Court said:

One further question remains to be considered. That is the claim of the petitioners that the fraudulent concealment by decedent of his alleged negligence affords a remedy which the petitioners may employ on the ground that the statute of limitations is not tolled until the fraud or concealment is discovered. The obvious answer to this claim is, we think, that the action does not have its inception in fraud but rather is founded upon negligence or malpractice. The statute of limitations, providing for an action based upon fraud, is not here applicable for the reason that it is the rule of law that the provisions of Section 2305.09, Revised Code (former Section 11224, General Code), that an action shall not accrue until the fraud is discovered, by its terms apply only where fraud is the ground or gist of the action. This has been the holding of the courts of Ohio since the early case of Fee's Admr. v. Fee (1841), 10 Ohio 469, 36 Am.Dec. 103, the syllabus of which states:

"A fraudulent concealment by which the plaintiff has been delayed will not enlarge the time for bringing an action under the statute of limitations."

To the same effect see also: Howk v. Minnick (1869), 19 Ohio St. 462, 2 Am.Rep. 413; Minster Loan & Savings Co. v. Laufersweiler, 67 Ohio App. 375, 36 N.E.2d 895; Squire, Supt. v. Guardian Trust Co., 79 Ohio App. 371, 72 N.E.2d 137.

We are well aware that this view of the law is such that in the instant case the petitioners are precluded from a right of action for negligence or malpractice, but this is in accord with the

established law of Ohio on the subject and we are not privileged by judicial decree to enlarge upon the plain provisions of legislative enactment.

We are of the opinion that more than one year elapsed from the termination of the physician-patient relationship between the plaintiff, Mrs. Shrewsbury, and the defendant physicians before she filed suit. Under Ohio law, as we interpret it, her claim is barred by the statute of limitations.

The judgment of the District Court is therefore affirmed.