*190
 
 Day, J.
 

 The cases of
 
 Pure Oil Company, a Corporation,
 
 v.
 
 Eva Florence Kindall
 
 (No. 19855) and
 
 D. W. Lowe et al.
 
 v.
 
 Eva Florence Kindall
 
 (No. 19853) were presented together and will be so considered in deciding the same.
 

 On June 17, 1897, James Lowe and wife, Nancy Lowe, of Center Township, Monroe county, Ohio, made an agreement with the Fisher Oil Company, a corporation under the laws of the state of Pennsylvania, whereby they granted the oil and gas in and under the lands therein described, together with the privilege of operating an oil and gas well, or wells, and producing oil and gas, on such lands. This agreement, among other things, contained the following language:
 

 “To have and to hold the same unto and for the use of the lessee, its successors and assigns, for and during the term of five years from the date hereof, and as much longer thereafter as oil or gas is found in paying quantities thereon, not exceeding in the whole the term of twenty-five years from the date hereof.”
 

 The rights of the Fisher Oil Company under the foregoing instrument by mesne conveyances were assigned to the Pure Oil Company, and under said agreement oil and gas wells have been and were being operated down to the date of the grievances herein complained of.
 

 Under date of August'13, 1914, Nancy Lowe, widow of James Lowe, and the heirs at law of said James Lowe, deceased, conveyed to Eva Florence Kindall the land which was subject to the so-called oil lease above referred to, and the conveyance to Eva Florence Kindall described the land in two
 
 *191
 
 tracts, the first containing 78.52 acres and the second containing 25 acres. This deed of August 13, 1914, contained certain reservations, out of which arise this controversy. It is therefore necessary to set forth in full these reservations as the same appear in the deed in question:
 

 “Excepting and reserving to the grantors herein, their heirs and assigns forever, all the royalty in the oil, gas, and gasoline produced from wells drilled and now operated on said first above-described tract of land, together with all rentals and other compensations or benefits arising therefrom ; also excepting and reserving to said grantors, their heirs and assigns forever, one-half of all the royalty in all the oil, gas, and gasoline produced from wells that may be hereafter drilled upon said tract of land, together with one-half of the rentals or other compensations or benefits arising therefrom, except as herein otherwise provided.
 

 “Also excepting and reserving to the grantors herein, their heirs and assigns forever, all the royalty in the oil, gas, and gasoline produced from wells drilled and now operated on said second tract of land, above described, together with all rentals or other compensations or benefits arising therefrom; also excepting and reserving to the grantors herein, their heirs and assigns forever, three-fourths of all the royalty in the oil, gas, and gasoline produced from wells that may be hereafter drilled upon said second tract of land, together with three-eighths of the rentals or other compensations or benefits arising therefrom, except as otherwise herein provided.
 

 “Should any of the wells now drilled and oper
 
 *192
 
 ated upon said tracts of land be abandoned by tbe lessee operating the same, for any reason except that sucb well or wells are not paying producers, and new wells to replace sucb abandoned wells are drilled at any point within 200 feet of tbe well or wells so abandoned, such new well or wells so drilled and operated to replace or in place of sucb abandoned well or wells shall be deemed and treated as wells drilled and operated at tbe date of this conveyance for tbe purpose of making provision of tbe royalty, rentals, or other compensations or benefits as hereinbefore provided.
 

 “Tbe grantee shall receive compensation for land used in drilling any well replacing such abandoned well, if a producing well tbe sum of $50, but, if not a producing well, she shall only receive tbe sum of $25.”
 

 Tbe said Eva Florence Kindall went into possession of tbe premises described in said deed and has continued in tbe enjoyment thereof since sucb time.
 

 On August 17, 1922, tbe 25 years provided for in tbe oil lease heretofore referred to having expired, tbe said Eva Florence Kindall began an action in equity, seeking to terminate tbe rights of tbe Pure Oil Company and asking for an accounting against said company and tbe Pure Oil Pipe Line Company, and seeking general equitable relief, asking that her title be quieted; that tbe defendant, tbe Pure Oil Pipe Line Company, be enjoined from delivering the oil produced from said premises to tbe Pure Oil Company; that on tbe final bearing tbe Pure Oil Pipe Line Company be ordered to deliver all oil run to tbe credit of tbe working interest under said former leasehold since the 17th day of June, 1922.
 

 
 *193
 
 The Pure Oil Company filed an answer, which contained two defenses: First, having made certain admissions, it interposed a general denial; and, second, it averred that the rights of the defendant were measured by the terms of a deed dated August 15, 1914 (August 13), from Nancy Lowe and the Lowe heirs; that in said deed the reservation of the right to operate the wells on said premises having been reserved by the Lowe heirs, the Lowe heirs had granted to the answering defendant, the Pure Oil Company, the right to operate said wells so long as the same produced oil and gas in paying quantities; and that the terms of the lease described in the plaintiff’s petition were extended by the grantors in Eva Florence Kindall’s deed beyond the period of 25 years from the date of said lease, “so long as said wells produce oil and gas in paying quantities.”
 

 A reply was filed by Eva Florence Kindall, which put in issue the rights of the Pure Oil Company to operate under this so-called extension of the lease.
 

 Upon hearing in the court of common pleas, a decree was rendered in favor of Eva Florence Kindall. An appeal was prosecuted to the Court of Appeals, wherein the same conclusion was reached by the Court of Appeals, and error is prosecuted to this court to reverse such judgment.
 

 The record discloses that no findings of fact were made by the Court of Appeals and that no bill of exceptions was duly prepared and filed in this court, containing all the evidence taken in the Court of Appeals. A motion was filed by Eva Florence Kindall to dismiss the petition in error for this reason.
 

 
 *194
 
 It being apparent from the pleadings of the respective parties that the rights of the plaintiff in error, the Pure Oil Company, must be measured by the so-called extension of the original lease, and there being no bill of exceptions or finding of fact to show the same, the averments of the reply of the defendant in error, plaintiff below, that “she has no knowledge or information as to what rights, if any, the grantors in the deed to her have given said defendant, the Pure Oil Company, to operate said wells, and for want of such information denies the same and demands strict proof,” tender an issue of fact; and, the 25 years having expired under the terms of the original lease, there being no bill of exceptions or finding of fact to inform this court upon such issue of fact between the parties as to the so-called extension or new lease by the Lowe heirs, there is no proper record before this court upon which we may determine the questions presented.
 

 It therefore follows that defendant in error’s motion in this behalf must be sustained and that the judgment of the Court of Appeals in the case of
 
 Pure Oil Company, a Corporation,
 
 v.
 
 Eva Florence Kindall
 
 and
 
 Pure Oil Pipe Line Company
 
 (No. 19855) must be affirmed.
 
 Ohio Creamery & Supply Co.
 
 v.
 
 Walsh, 87
 
 Ohio St., 469, 102 N. E., 1129;
 
 United Telephone Co.
 
 v.
 
 Logan County Farmers’ Telephone Co.,
 
 91 Ohio St., 398, 110 N. E., 1070;
 
 Hilton, Police Justice, v. State, ex rel. Bell, Pros. Atty.,
 
 108 Ohio St., 233-235, 140 N. E., 681.
 

 The decree in the case of
 
 Pure Oil Company, a Corporation,
 
 v.
 
 Eva Florence Kindall and Pure Oil Pipe Line Company,
 
 being journalized in the com
 
 *195
 
 mon pleas court of Monroe county, on March 14, 1924, there was filed in said court, on April 26, following, the petition of the heirs at law of James Lowe and Nancy Lowe, in the case of
 
 Lowe et al.
 
 v.
 
 Eva Florence Kindall,
 
 said action being one in equity wherein the plaintiffs claimed that the defendant, Eva Florence Kindall, on or about the 1st of August, 1914, in consideration of $2,050, purchased from Nancy Lowe and the heirs at law of James Lowe, deceased, the land heretofore described; that by the terms of the agreement, the Lowe heirs and Nancy Lowe, for themselves, their heirs and assigns forever, excepted and reserved from said premises all the production in oil, gas, and gasoline produced from the wells which had been drilled or were then being operated on the tract of land first described, together with all rentals and other compensations or benefits arising from said wells; and further excepted from the first described tract, to-wit, the 78.52-acre piece, one-half of all the royalty in all the oil, gas, and gasoline produced from wells that might be drilled upon said tract of land after the date of said agreement, together with one-half of the rentals and other compensations or benefits arising therefrom. The Lowe heirs further excepted and reserved all the production in oil, gas, and gasoline from wells which had been drilled and were then being operated on the second tract of land, to-wit, the 25-acre tract, together with all the rentals and other compensation or benefits arising from said wells, and also excepted and reserved to themselves, their heirs and assigns forever, three-fourths of all the royalty in all the oil, gas, and gasoline produced
 
 *196
 
 from wells that might be drilled -apon the 25-acre tract after the date of said agreement, together with three-eighths of all the rentals and other compensation or benefits arising therefrom.
 

 It was further agreed, the plaintiffs averred, that the defendant Eva Florence Kindall would not in any way or manner interfere with the operations of any of the wells on said tracts of land above described so long as the same produced oil and gas, or either of them, in paying quantities; that said defendant was not to receive any compensation or benefits from said wells so long as they produced oil, gas, or gasoline in paying quantities, and that the plaintiffs were to have the right to continue the operation of said wells, and each of them, so long as they or any of them, produced oil, gas, or gasoline in paying quantities.
 

 Plaintiffs also averred that there was a further agreement with reference to drilling replacement wells, and also a reservation as to the undivided one-half of all the coal in and underlying both of the above-described tracts.
 

 The plaintiffs further averred that the deed executed on August 13, 1914, by the Lowe heirs, and delivered to Eva Florence Kindall, did not contain the correct description of the reservations, exceptions, and conditions of said deed, but that the same, by the mistake of the parties and by mistake of the scrivener, was made to read as hereinbefore set forth in that portion of the opinion which deals with the Pure Oil Company case.
 

 The prayer of the petition of the Lowe heirs is as follows:
 

 “Wherefore plaintiffs pray that said deed may
 
 *197
 
 be reformed so as to properly set out tbe exceptions, reservations, and provisions, and so as to express the real intention of the parties thereto according to said agreement; that defendant may be restrained from further prosecuting her action to dispossess the company operating said premises until the final determination of this case; and for such relief as is proper.”
 

 The answer of the defendant, Eva Florence .Kindall, admitted the purchase of the real estate described in the petition and admitted “the reservations and exceptions in the deed from plaintiffs to defendant are as in said petition set forth,” and then averred:
 

 “For further answer, this defendant says that she denies each and every other allegation in said petition contained, and in manner and form as therein set forth, and says that the same are not true.”
 

 Upon the issues thus made up, the parties went to trial and a finding in favor of the defendant, Eva Florence Kindall, resulted, with judgment against the plaintiffs for costs. Appeal was prosecuted to the Court of Appeals of Monroe county, in which court a finding was made in favor of the defendant, Eva Florence Kindall, and against the plaintiffs. The petition of the plaintiffs was dismissed at the cost of the plaintiffs, and judgment rendered against them therefor. Error is now prosecuted to this court to reverse that judgment.
 

 An examination of the record discloses that the case was tried in the Court of Appeals upon appeal and that no bill of exceptions was signed by that court and filed in this court; nor does the record
 
 *198
 
 disclose that the Court of Appeals made any finding of fact in the premises.
 

 The relief sought by the plaintiffs in error, the Lowe heirs, was that of reformation of their deed of August 13, 1914, to Eva Florence Kindall, so that the same, should properly set out the exceptions, reservations, and provisions, and so as to express the real intention of the parties thereto, according to their agreement. All of this was denied by the defendant in error, Eva Florence Kindall, and a square issue of fact is thus presented by the pleadings, which the Court of Appeals found in favor of the défendant in error, Eva Florence Kindall.
 

 There being no bill of exceptions or finding of facts for this court to review, and, as we are advised by briefs of counsel, a conflict of evidence would be shown by the record if the same were before us, it therefore follows that the presumption arises that the court below had sufficient evidence before it to sustain its judgment, and there is nothing before this court upon this issue of reformation which it can review, and, such being the state of the record, it follows that the judgment of the court below must be affirmed, upon the authorities heretofore cited.
 

 It is, however, argued that, regardless of such a condition of the record, sufficient appears upon the pleadings themselves in the two cases to warrant this court in determining the question whether or not Eva Florence Kindall, defendant in error, has any property rights in the oil, gas, and gasoline capable of being protected by the judgments of the courts below.
 

 
 *199
 
 It is very doubtful, in this state of the record, whether such question is now before us for determination. However, taking the view that a sufficient record is presented by the averment of the reservations and exceptions in the deed to Eva Florence Kindall, as contained in the petition of the Lowe heirs, and the admission thereof by the defendant in error in her answer, also the averments and admissions in the pleadings in the case of
 
 Pure Oil Company
 
 v.
 
 Kindall et al., supra,
 
 it may be said that the extent of the exceptions and reservations made is that of a royalty interest only. It appears that James and Nancy Lowe had granted the oil and gas in place, underlying the premises in question, by their grant of June 22, 1897, which expired, as above noted in 25 years from that date; and,' thereupon, title to so much of the oil and gas in place, that was unproduced upon the surface or in a well, would revert to said James and Nancy Lowe, or their heirs, upon the arriving of the period of limitation named in the grant. Now, 8 years prior to such date of expiration of the limitation, by the deed of August 13,1914, by Nancy Lowe and the heirs of James Lowe, deceased, this reversionary interest or estate was conveyed to Eva Florence Kindall; for it is averred in the petition of the Lowe heirs:
 

 “That on the 13th day of August, 1914, plaintiffs and Nancy Lowe, now deceased, executed and delivered to defendant a deed,” etc.
 

 There being no further averment in the petition of other reservations and exceptions in the deed than the royalty in the oil, gas, and gasoline, it follows that all of the estate, title and interest of
 
 *200
 
 the said grantors, either in law or in equity, of, in, and to the said premises, together with all the privileges and appurtenances thereunto belonging, and all of the rents, issues, and profits thereof, reserving and excepting the royalty interests above noted, passed to said Eva Florence Kindall upon the delivery of such instrument; that the extent of the exceptions and reservations was a royalty interest only in the oil, gas, and gasoline in the fractional proportions as indicated in the reservations and exceptions in the deed, and not the corpus of the oil and gas in place, title to which was in the Fisher Oil Company or its successors; and that such rights expired by the limitation of 25 years in the grant or lease by James and Nancy Lowe to the Fisher Oil Company.
 

 It was said by this court, in
 
 Gill
 
 v.
 
 Fletcher,
 
 74 Ohio St., 295, at page 304, 78 N. E., 433, 435 (113 Am. St. Rep., 962):
 

 “The construction of the deed is to be drawn from the circumstances of each case and from all the words of the instrument, the object being to ascertain and give effect to the intention of the parties. ’ ’
 

 With this rule in mind, we do not attach the signification to the word “forever” claimed by the plaintiffs in error, but think that these reservations should be read as an entirety in the light of the theretofore existing conveyance by James and Nancy Lowe of the corpus of the oil and gas in place to the Fisher Oil Company, subject to the 25-year limitation, as appears in the averments of the petition in error in the case of
 
 Pure Oil Company
 
 v.
 
 Kindall;
 
 and in such reservations and ex
 
 *201
 
 ceptions no higher estate is reserved to the Lowe heirs than the royalty interest as expressed there' in, as above noted. The language, “the rentals, or other compensations or benefits arising therefrom,” when read in conjunction with the entire reservation, bears the same construction as attached to the word “royalty.” The two words “rentals” and “royalty” are frequently used interchangeably.
 
 Saulsberry
 
 v.
 
 Saulsberry,
 
 162 Ky., 486, 172 S. W., 932, Ann. Cas., 1916E, 1223;
 
 Crain, Guardian,
 
 v.
 
 West, Admr.,
 
 191 Ky., 1, 229 S. W., 51;
 
 Nelson
 
 v.
 
 Republic Iron & Steel Co.
 
 (C. C. A.), 240 F., 285. Royalty is a certain percentage of the oil after it is found or produced, or so much per gas well developed and producing gas. Royalty is personal property, and is not realty.
 

 The principles controlling this case are, therefore, those relative to the reservations and exceptions in a deed of conveyance of real property. It is well established that in Ohio oil and gas in place are the same as any part of the realty, and capable of separate reservation or conveyance.
 
 Burgner
 
 v.
 
 Humphrey,
 
 41 Ohio St., 340;
 
 Kelley
 
 v.
 
 Ohio Oil Co.,
 
 57 Ohio St., 317, 49 N. E., 399, 39 L. R. A., 765, 63 Am. St. Rep., 721;
 
 Wonsetler
 
 v.
 
 Andrews,
 
 58 Ohio St., 551, 51 N. E., 168;
 
 Northwestern Ohio Natural Gas Co.
 
 v.
 
 Ullery,
 
 68 Ohio St., 259, 67 N. E., 494;
 
 Nonamaker
 
 v.
 
 Amos,
 
 73 Ohio St., 163, 76 N. E., 949, 4 L. R. A. (N. S.), 980, 112 Am. St. Rep., 708, 4 Ann. Cas., 170;
 
 Chartiers Oil Co.
 
 v.
 
 Curtiss,
 
 14 C. C. (N. S.), 593, 594, affirmed
 
 Curtiss
 
 v.
 
 Chartiers Oil Co.,
 
 88 Ohio St., 594, 106 N. E., 1053.
 

 The rule is well stated in Mills
 
 &
 
 Willingham’s Law of Oil and Gas, p. 23, Section 15:
 

 
 *202
 
 “In
 
 those
 
 jurisdictions which adhere to the doctrine of the ownership of oil and gas in place by the proprietor of the land under which they lie, the oil and gas may be severed from the balance of the land, by grant or reservation, in the same manner as in the case of coal or other solid minerals. By such grant or reservation there is created a separate and distinct corporeal interest, or estate, in the land, which is capable of ownership to the same extent and in the same manner as the surface.”
 

 It is a significant fact that no simple language of reservation or exception was used in the deed of August 13, 1914, such as “reserving and excepting all the oil and gas lying under and within the premises hereby conveyed,” which commonly occurs in conveyances in oil or coal producing regions. Such language was doubtless studiously avoided by the parties with reference to the oil and gas, and the reservation in question confined to the royalty in all the oil, etc., together with all rentals or other compensation or benefits arising therefrom.
 

 We are not permitted to consider the coal reservations, for the deed of Eva Florence Kindall as an entirety is not before us as a matter of record. Should such instrument reserve and except an interest in the corpus of the coal in place, the intention of the parties in reserving a royalty only in the oil, gas, and gasoline would therefore be more apparent.
 

 It is, of course, the general rule in the construction of deeds, that in case of ambiguity the instrument must be construed most strongly against the
 
 *203
 
 grantor and in favor of the grantee. 2 Tiffany on Real Property (2d Ed.), Section 437:
 

 “The courts, in connection with the construction of written conveyances, as of other instruments, have asserted some general rules of construction, to aid in ascertaining the intention of the parties thereto.
 

 “In case of doubt, it is said, the conveyance is to be construed most strongly as against the grantor, or in favor of the grantee on the theory, it seems, that the words used are to be regarded as the words of the grantor rather than of the grantee. Applying this rule, an exception or reservation in a conveyance is construed in favor of the grantee rather than of the grantor.”
 

 Many cases might be cited in support of this rule, but the same is so elementary that citation is unnecessary.
 

 Plaintiffs in error claim that the reservation and exception of the royalty, rentals, etc., are tantamount to a reservation and exception of the corpus of the minerals, to-wit, the oil, gas, etc., relying on the case of
 
 Paxton
 
 v.
 
 Benedum-Trees Oil Co.,
 
 80 W. Va., 187, 94 S. E., 472. It is unnecessary to discuss the rule announced in that case and other West Virginia cases as to what amounts to a conveyance of oil, minerals, etc., in place, as we reach our conclusion upon the provision contained in the Fisher Oil Company lease, which controls the exceptions and reservations in the deed by the Lowe heirs to Eva Florence Kindall. While we do hot decide the point in support of which the West Virginia cases are cited, we may call attention to the following authorities:
 
 Miller
 
 v.
 
 Sooy,
 
 120 Kan., 81,
 
 *204
 
 242 P., 140;
 
 Curlee
 
 v.
 
 Anderson & Patterson
 
 (Tex. Civ. App.), 235 S. W., 622;
 
 Gillispie
 
 v.
 
 Blanton,
 
 214 Ky., 49, 282 S. W., 1061;
 
 O’Brien
 
 v.
 
 Jones
 
 (Tex. Civ. App.), 239 S. W., 1013;
 
 Indiana Natural Gas & Oil Co.
 
 v.
 
 Stewart,
 
 45 Ind. App., 554, 90 N. E., 384;
 
 Raynolds
 
 v.
 
 Hanna
 
 (C. C.), 55 F., 783, 800.
 

 Entertaining the view that under the deed of August 13, 1914, the property interest reserved by the Lowe heirs did not rise higher than the royalties therein specified, in the fractional proportions set forth; that all other right, title, and interest in the realty, both as to the surface and that which lay under the surface, passed to Eva Florence Kindall; that the 25-year limitation upon the Fisher lease terminated the rights under said grant, and that any extension thereof to the successors of the Fisher Oil Company by the Lowe heirs was more than was authorized by the reservations and exceptions set forth in the deed of August 13, 1914, to Eva Florence Kindall, and that the right of reformation of said deed having been denied by the courts below, and there being no sufficient record by which this court may review that question, it follows that the judgments of the courts below must be affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones and Matthias, JJ., concur.
 

 Allen, J., concurs in the syllabus and in the judgment in Cause No. 19855.