### MARION STEAM SHOVEL CO v HUNTER

Ohio Appeals, 3rd Dist, Marion Co
No 732. Decided April 11, 1930

Guthrey, Strelitz & Guthrey, Marion, for Shovel Co.

L. E. Myers, Marion, for Hunter.

## JUSTICE, J.

There is no bill of exceptions or finding of facts either to inform us upon the issue of the claimed injury or to advise us of the facts which prompted the trial court in allowing plaintiff's counsel the sum of fifty dollars as attorney fees, to be taxed as costs. In such a state of the record, however, a presumption of law arises that the trial court had before it such facts as warranted it in finding that plaintiff was injured as claimed in the petition, and in allowing the fifty dollars as attorney fees. **116 OS. 188.**

We learn from the journal entry however, that a judgment was entered in favor of the plaintiff and against the defendant, in the sum of $194.75. This is wrong. Section **1465-90, GC** so far as pertinent here, provides that:

> "If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the industrial commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards, and such certificate of the court shall be entered in the record of judgments of such court and shall for the purpose of error proceedings, be in lieu of final judgment in such cause."

In **State ex rel Kauffman v. Industrial Commission of Ohio, 121 OS. 472,** our Supreme Court held:

> "By virtue of Section **1465-90, General Code,** in cases heard on appeal to a common pleas court from the industrial commission, the jury may only find whether or not the claimant is entitled to participate in the workmen's compensation fund, and the court may only pronounce judgment whether the claimant is entitled to participate in the workmen's compensation fund and to be paid in the manner provided by the workmen's compensation law."

Manifestly, the judgment, as entered, is erroneous. The trial court should have proceeded as directed by said Section **1465-90, GC.** Its failure to follow the provisions of said statute, however, does not, in the light of the record, require a reversal of this judgment.

An examination of the journal entry discloses that the trial court, although it does not in so many words so state, did in effect find that plaintiff was entitled to participate in the workmen's compensation fund. A judgment, therefore, should have been pronounced by it, entitling plaintiff to participate in the workmen's compensation fund, and to be paid in the manner provided by the workmen's compensation law, and thereafter the judgment so entered should have been certified by the trial court to the Industrial Commission.

It, therefore, occurs to us that this court should so modify the judgment in question as to bring it into harmony with the facts as found by the trial court and with the law as expressed in the statute. By so doing no substantial rights of The Marion Steam Shovel Company will be affected and substantial justice will be done. Section **11364, GC.**

This court has, of course, power to modify judgments and to remand a cause with instructions.

We, therefore, conclude to and do hereby modify said judgment as herein pointed out, and the trial court is directed to certify said judgment as modified to the Industrial Commission and the judgment, as modified, is affirmed.

Before Judges Hughes, Justice and Crow.