MOSHER, APPELLANT, *v.* COOK UNITED, INC.; HUDSON FOOD WAREHOUSE CORP., APPELLEE, ET AL.

[Cite as Mosher v. Cook United, Inc. (1980), 62 Ohio St. 2d 316.]

(No. 79-1129—Decided June 11, 1980.)

*Mr. Christopher T. Cline* and *Mr. Duane F. Lantz,* for appellant.

*Mr. Walter J. Siemer,* for appellee.

*Per Curiam.* Because appellant either elected to waive, or failed to make other arguably relevant legal challenges, we are confronted here with but one proposition, that being whether appellant, as a business invitee, possessed an irrevocable license to remain on appellee's premises so long as he behaved in an orderly manner. Our answer is that he did not possess such a privilege.

A license has been defined by this court as "an authority to do a particular act or series of acts upon another's land, without possessing any estate therein." *Rodefer* v. *Pittsburg, O. V. & C. Rd. Co.* (1905), 72 Ohio St. 272, 281, citing *Wolfe* v. *Frost,* 4 Sanford's Chancery 72. One who possesses a license thus has the authority to enter the land in another's possession without being a trespasser. *Rodefer, supra.* The parties do not dispute that appellant's initial presence on appellee's property was authorized by virtue of a license. The conflict concerns the revocability of the license.* If the license was revocable at the

---

* Some authorities include revocability at will within the definition of a license. See 3 Powell on Real Property, Paragraphs 427, 428; *Greenwood Lake & P. J. Railroad Co.* v. *N. Y. & G. L. Railroad Co.* (1892), 134 N.Y. 435, 440, cited in *Rodefer, supra,* stating that "[a] license is a personal, *revocable,* and non-assignable privilege, conferred either by writing or parol, to do one or more acts upon land without possessing any interest therein." (Emphasis added.) We treat revocability here as but a characteristic of licenses rather than as a condition to finding that a license in fact exists, in order to avoid circular reasoning in light of appellant's concession that a license is involved in this cause.

will of appellee, appellant became a trespasser at the point of revocation and his basis for relief is unfounded.

5 Restatement of Property 3133-34, Section 519, speaks to revocation of licenses. That section provides:

"(1) Except as stated in Subsections (2), (3) and (4), a license is terminable at the will of the possessor of the land subject to it.

"(2) In the termination of the license of one who has entered upon land under a license, the licensee must be given a reasonable opportunity to remove himself and his effects from the land.

"(3) A license coupled with an interest can be terminated only to such an extent as not to prevent the license from being effective to protect the interest with which it is coupled.

"(4) A licensee under such a license as is described in § 514 [dealing with licenses analogous to easements] who has made expenditures of capital or labor in the exercise of his license in reasonable reliance upon representations by the licensor as to the duration of the license, is privileged to continue the use permitted by the license to the extent reasonably necessary to realize upon his expenditures."

Appellee was, therefore, entitled to revoke appellant's license for any purpose, reasonable or not, unless any of subsections (2) through (4) were applicable. The record is clear that none of these subsections were applicable. Accordingly, upon the theory propounded by appellant before this court, appellee was legally justified in demanding that appellant leave the premises. Since appellant has failed to establish a basis for relief, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.

HOFSTETTER, J., dissents.

HOFSTETTER, J., of the Eleventh Appellate District, sitting for LOCHER J.

HOFSTETTER, J., dissenting. The majority, in my opinion, has minimized the issue herein simply to the single proposition of whether appellant, as a business invitee, possessed

an irrevocable license to remain on appellee's premises so long as he behaved in an orderly manner.

From the majority opinion concerning this proposition, I must dissent. The appellant, in response to "check and compare" advertising, drove a substantial number of miles in anticipation of buying groceries valued at several hundreds of dollars. The issue, as I see it, is not whether the business invitee had an irrevocable license to remain on appellee's premises on the terms noted in the majority opinion, but whether, having been invited to do exactly what he was doing, which consumed considerable time and expense on his part, he could be forced to leave on the day in question, when the record does not reveal that he behaved in a disorderly manner. On the contrary, it follows he was simply checking and comparing prices pursuant to the solicitation.

Clearly, from the evidence elicited in the instant cause, if the appellant had been able to commit to memory all of the prices, he could have remained on appellee's property so long as he behaved in an orderly manner. By reason of his frailty of being unable to commit to memory the prices he wished to compare, he wrote them down on a pad of paper. The real question then is, would all "comparison" shoppers, no matter how they performed their comparisons, be excluded from the appellee's store?

According to the record, there were no posted regulations concerning comparison shopping as conducted by the appellant. Even if there had been, they were vitiated momentarily to allow a reasonable number of days of comparison shopping as urged by the newspaper advertising. To hold as the majority did, it follows that there must be an absolute right to revoke a customer's privilege to be in the store at *any time,* even if he behaves in an orderly manner.

I would hold that, in this day and age, in order for the common law right to exclude a person from another's premises to become operative, when that person is there by specific invitation to do exactly what the appellant was doing, there must be a reasonable reason to exclude him, and notice must be given him that comports with the effort and expense incurred by the appellant. The rights of the appellant, in my opinion, were violated and the directed verdict should not have been granted.