This appeal comes to us from a judgment issued by the Sandusky County Court of Common Pleas. It involves a dispute between a railroad company and a landowner concerning two strips of property within a railroad right-of-way area. Because we conclude that the trial court erred when it determined that the railroad granted the landowner continued use of a license, we reverse.
Appellant, Norfolk Southern Railroad, brought an action against appellee, Dennis Wammes, for the removal of alleged encroachments upon a right-of-way adjacent to its railroad tracks. Appellee denied any encroachments and counterclaimed for damages. Appellee further sought a judgment declaring him to be the owner of the right-of-way area. Appellee claimed ownership of the real estate in question by adverse possession or, in the alternative, that he had acquired an easement over appellant's right-of-way. Appellee also claimed that appellant had failed to maintain the right-of-way, which forced appellee to clear trash, mow weeds and remove snow from the area. Appellee claimed damages as a result of appellant's failure to maintain the property, i.e., the loss of lateral and subjacent support to appellee's property.
At trial, evidence was introduced establishing that appellee owns property located on a Fremont, Ohio corner lot, bounded on the south side by "the North line of the right of way of the Lake Erie and Western R.R. Co." (now known as the Norfolk Southern Railway Company). Appellee purchased the property in 1980 and over the years installed a black-topped driveway, an above ground pool, and landscaping posts in the railroad right-of-way, an area that extends fifty feet out from the main tracks.
John Walker, a retired engineer formerly employed by the railroad, testified that on two separate occasions while operating a locomotive he had hit a car and a truck parked within the right-of-way. These incidents were reported to the railroad's safety department. Appellant had also notified appellee that certain landscaping stakes interfered with Walker and his crew's safety when they walked in the area next to the track. Although these stakes had been removed, other landscaping posts had been installed in 1992 or 1993, in a row along the edge of appellant's driveway. Walker also testified that before the posts had been put in, the driveway had not been paved and that the land had been filled in to make a raised area which now extended closer to the tracks.
Appellee testified that he had installed the landscaping, driveway, and pool in the belief that he owned the property to within three feet of the railroad tracks. He stated that this belief was based upon the legal description in an old yellow document, purportedly a deed, that he was given at the time he purchased the property. He said that when he first bought the property, there was a ditch along side the tracks that contained trash, old furniture, weeds and other debris. Appellee cleared the area, kept it mowed, and filled in the ditch. He installed the poles to shore up the embankment and prevent erosion.
Appellee also testified that when Fremont put in a sewer line in 1992, pursuant to a license granted by appellant to the city, he arranged to have the driveway blacktopped as part of the restoration of his property. The sewer line now runs down the middle of the right-of-way area, approximately twenty-five feet from the tracks. Appellee further testified that a "State Marshall" for the railroad stopped during the time he was re-installing the poles along the drive and questioned his right to do so. Appellee told him he thought he owned within three feet of the tracks and gave the Marshall the old yellow document. Appellee stated that he had no other copy of this document and it was never returned to him. According to appellee, the Marshall then stated that the company had no record of his ownership, but that appellee should keep his poles at least eight feet back from the tracks. Based upon this statement, appellee explained that he then installed the poles approximately eight to ten feet from the tracks.
Appellee admitted that in the early 1980's he and his wife had received a correspondence from the railroad regarding the wrongful use of the right-of-way area. After the railroad sent documents which showed the right-of-way, appellant said that they attempted to work out an arrangement. However, no agreement was ever solidified. Appellant also acknowledged that two vehicles had been hit. Appellee's wife corroborated appellant's testimony.
Testimony was also offered by appellee and another witness, a relative of the previous owner of the property, as to the lengthy existence and use of the gravel driveway and a sidewalk across the back yard to the tracks. Some of this testimony centered on a time even prior to appellee's ownership.
Ultimately, the trial court determined that appellee's interest was only a license, not an easement or ownership by adverse possession. Nevertheless, the court ordered appellee to remove only a portion of the poles and to refrain from parking vehicles closer than ten feet. The court permitted appellee to continue his then existing uses of the area, including the driveway and pool.
Appellant now appeals that judgment, setting forth the following sole assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF IN THE COURT'S DECISION ENTRY JOURNALIZED JUNE 16, 1998 AND THE COURT'S SUBSEQUENT ORDER JOURNALIZED MARCH 30, 1999, DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL."
In essence, appellant argues that the trial court erred as a matter of law in determining that appellee had been granted a continuing license to use certain parts of the right-of-way. Appellant contends that, even assuming such license exists, it is revocable, and appellant has in fact revoked any such license.
A license is the authority to do one or more acts upon land without possessing any interests in the land. Mosher v. CookUnited, Inc. (1980), 62 Ohio St.2d 316, 317. The privilege granted by a license is generally personal, revocable, and nonassignable. Fowler v. Delaplain (1909), 79 Ohio St. 279,286-287; DePugh v. Mead Corp. (1992), 79 Ohio App.3d 503, 511. With very limited exceptions, a license is terminable at the will of the property owner for any reason. Mosher, supra, at 318. Those exceptions are: (1) when a license is terminated, the licensee must be given a reasonable opportunity to remove himself and his effects; (2) a license coupled with an interest may be terminated only to the extent that it does not interfere with the protection of interest with which it is coupled; and (3) a licensee who has expended capitol or labor in the exercise of a license coupled with an interest, in reliance upon representations made by the licensor as to the duration of the license, may continue the use permitted by the license to the extent reasonably necessary to realize upon his expenditures. Id., at 18.
In this case, it is apparently undisputed that appellant owns the right-of-way to the strip of land in question. It is also undisputed that appellant never gave any express easement or license to appellee to enter upon the right-of-way for any purpose. Moreover, even assuming that a license was created by implication due to appellant's acquiescence to appellee's obvious encroachments, nothing in the record supports the finding of any of the noted legal exceptions. In our view, such license, if any, was revocable at will. Therefore, the trial court erred in permitting appellee to continue his use of a portion of the right-of-way, presuming that appellant is revoking appellee's use of the entire area.
Nevertheless, we note that the trial court's decision also failed to fully consider appellee's counterclaim for damages due to his labor and expenditures in maintaining the right-of-way area. Appellant is required to maintain all rights-of-way. See R.C. 4955.36 and 4959.11. In our view, appellee may, therefore, be entitled to compensation for clearing and maintaining the area for appellant's benefit. In addition, although appellant's complaint prayed that appellee be "barred from using the * * * premises for any purposes whatsoever," appellant acknowledged that it often permits encroachments into its right-of-way, as long as such uses do not interfere with safety or maintenance procedures. It is unclear from the record what appellant actually wanted; that is, whether appellant wanted appellee to rip up his entire driveway, dismantle the pool, and tear out all landscaping or whether some lesser accommodation or acknowledgment would be acceptable.
Accordingly, appellant's sole assignment of error is well-taken.
The judgment of the Sandusky County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed equally between the parties.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 MELVIN L. RESNICK, J.
JUDGE
 JAMES R. SHERCK, J.
JUDGE
 MARK L. PIETRYKOWSKI, J.
JUDGE CONCUR.