OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellants' brief. Appellants, Deborah Pearch nka Davner and her husband Daniel Davner, appeal the decision of the Mahoning County Court of Common Pleas ordering that they remove an encroaching fence from Appellees, Milic Varjaski and Mary Varjaski's, property. The Davners claim that the trial court erred in granting the injunction as their predecessor in title had been granted an easement by the Varjaskis' predecessor in title. The Davners allegations are correct. Because an irrevocable license was created, this cause must be remanded so that the trial court can decide whether that easement is enforceable against the Varjaskis.
 {¶ 2} Appellees, Milic and Mary Varjaski are the owners of real property which they acquired on September 17, 1999. Appellants Deborah Davner and Daniel Davner own a lot adjacent to the Varjaskis' property. There is a fence on the Davners' property which extends over the Varjaskis' property line and encloses some of the Varjaskis' property. The Davners have refused to move the fence.
 {¶ 3} The Varjaskis filed a complaint requesting injunctive relief by way of removal of the fence from their property. They assert that the continuing encroachment, trespass, and nuisance created by the fence wrongfully deprive them of the use and enjoyment of their property. They claim the fence was built without a building permit and without reducing any agreement to writing. Furthermore, the Varjaskis allege there is no formal record of the Davners having any interest in the land upon which the fence is situated. The Varjaskis admit that when they bought their property they were aware that the fence was extending over their property line. However, they mistakenly believed the fence to be encroaching merely by a foot instead of the actual seven feet that it extended over the line.
 {¶ 4} In response, the Davners claim that the Varjaskis' predecessor in title, Diana Thompson entered into an oral agreement in 1985 with the Davners' predecessor in title, John Chicase. Pursuant to this oral agreement, Thompson permitted Chicase to build a fence upon her land to enclose his in-ground swimming pool. In return, Chicase built a separate portion of fence around Thompson's land solely for her benefit. Thompson testified that while she never thought of the property on the Chicase side of the fence as belonging to her, she also testified that "If I ever needed the property, he would move it [the fence.]"
 {¶ 5} The Davners' claim that an easement was created by this agreement, while the Vajarskis' claim that any agreement entered into by the predecessors in title was nothing more than a license terminable by those parties. After hearing this evidence, a magistrate determined that it was in fact a license. Upon reviewing the magistrate's conclusion and objections filed by the Davners, the trial court agreed.
 {¶ 6} The Davners two assignments of error involve the same principles of law, they will be addressed together.
 {¶ 7} "The Court's judgment that Plaintiff/Appellee was entitled to injunctive relief was contrary to law and against the manifest weight of the evidence."
 {¶ 8} "The Court erred in requiring Defendant's Appellant (sic) prove they were entitled to an easement by estoppel by clear and convincing evidence when the proper evidentiary standard was the greater weight of the evidence."
 {¶ 9} The standard of review regarding the grant of an injunction and declaratory relief is whether the trial court abused its discretion. Perkins v. Quaker City (1956),165 Ohio St. 120, 125. See also Control Data Corp. v. Controlling Bd.
(1983), 16 Ohio App.3d 30, 35. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219
 {¶ 10} In addressing whether the trial court erred in granting the injunction, we must first address the conclusion of law that was made by both the magistrate and the trial court. More specifically, we must determine if Thompson's permission to erect the fence on her property created a revocable license or an easement.
 {¶ 11} "The basic definition of an easement is that it is the grant of a use on the land of another. * * * `When created by conveyance, the extent of the privilege of use to which the owner of an easement created by conveyance is entitled is dependent upon the provisions of the conveyance. The creation of an easement by conveyance consists in the creation of certain privileges of use. * * *'" Alban v. R.K. Co. (1968),15 Ohio St.2d 229, 231-32, quoting from 2 Casner, American Law of Property, Section 8.64. "Generally, the term `interest in land' means some portion of the title or right of possession, and does not include agreements which may simply affect the land. * * * Thus, easements are `interests in land' subject to the Statute of Frauds, but licenses are not." Ferguson v. Strader (1994),94 Ohio App.3d 622, 627 (citations omitted).
 {¶ 12} In contrast to an easement, a license is "a personal, revocable, and nonassignable privilege, conferred either by writing or parol, to do one or more acts upon land without possessing any interests in the land." DePugh v. Mead Corp.
(1992), 79 Ohio App.3d 503, 511. A license has also been defined as "`an authority to do a particular act or series of acts upon another's land, without possessing any estate therein.' * * * One who possesses a license thus has the authority to enter the land in another's possession without being a trespasser." Mosher v.Cook United, Inc. (1980), 62 Ohio St.2d 316, 317 (citation omitted).
 {¶ 13} There are two types of licenses: revocable licenses which are mere privileges to do an act on the land of another and licenses coupled with interest which are generally irrevocable.Kamenar Railroad Salvage, Inc. v. Ohio Edison Co. (1992),79 Ohio App.3d 685, 691. "If the parties intend the agreement to be permanent in nature, the license is said to be coupled with an interest." Cambridge Village Condo. Assn. v. Cambridge Condo.Assn. (2000), 139 Ohio App.3d 328, 333. Thus, once a license is coupled with an interest, it becomes irrevocable and is a right to act on the land of another rather than a mere privilege.Kamenar, 79 Ohio App.3d at 691. Notably, "[a]n irrevocable license is said to be an easement rather than a license." Id. See also Eske Properties, Inc. v. Sucher (Dec. 5, 2003) 2nd Dist. No. 19840.
 {¶ 14} In this case, Thompson testified that she gave Chicase the property. She explained that although she thought she could have asked for the property back, she never thought of the property as hers, and believed that Chicase's erection of the chain link fence on her property was an even trade. These statements in and of themselves imply an intent to permanently grant an interest in property.
 {¶ 15} Moreover, common sense would dictate that the permission granted twenty years ago to build a stockade fence enclosing an in-ground swimming pool constitutes something more permanent than a mere license. In fact, it would seem improper, in light of the Supreme Court's definition in Mosher, to call such an agreement a mere license as the land enclosed by such a fence would necessarily be taken out of the Varjaskis' possession. Thus, the trial court abused its discretion in concluding that what the predecessors in interest created in this case was a revocable license.
 {¶ 16} However, we cannot merely reverse or vacate the trial court's decision. Because the trial court concluded that only a license was originally given by Thompson to Chicase, it never reached the issue of enforceability.
 {¶ 17} Accordingly, the judgment of the trial court is vacated and this cause is remanded to the trial court for further proceedings.
Donofrio, P.J., concurs.
Waite, J., concurs.