[Cite as *2774-76 Main, L.L.C. v. 2774 E. Main St., L.L.C.*, 2021-Ohio-4461.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 2774-76 Main LLC, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 21AP-282 |
| v. | : | (C.P.C. No. 20CV-1337) |
| 2774 E. Main Street, LLC, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant, | : | |
| Swan Super Cleaners, Inc. et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 16, 2021

**On brief:** *Johrendt & Holford, Michael J. Johrendt,* and *Andrew Mills Holford,* for appellee. **Argued:** *Michael J. Johrendt.*

**On brief:** *Abroms Law Office,* and *Hilliard M. Abroms,* for appellant. **Argued:** *Hilliard M. Abroms.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, 2774, E. Main Street, LLC, appeals a decision and entry filed May 7, 2021 from the Franklin County Court of Common Pleas granting plaintiff-appellee's, 2774-76 Main LLC, motion for summary judgment filed June 29, 2020 and denying appellant's motion for additional time to conduct discovery under Civ.R. 56(F) filed August 27, 2020. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}  Appellee 2774-76 Main LLC is also referred to by the parties as Janis LLC. Appellee filed a complaint on February 17, 2020 against appellant[1] seeking partition of real estate, located at 2774-2776 East Main Street, Bexley, Ohio 43209 ("the property"). Appellee's complaint asserted that appellee and appellant each owned an undivided one-half interest in fee simple in the property. Appellant 2774 E. Main Street, LLC is also referred to by the parties as Beim LLC.

{¶ 3}  On March 17, 2020, appellee filed a notice of the filing of the preliminary judicial title report ("judicial report") and commitment for an owner's policy of title insurance. The judicial report contained the respective interests of the parties and their predecessors in interest. The judicial report reflected the parties each own a one-half fee simple interest in the property, appellee acquiring title on February 10, 2020 and appellant acquiring title on January 19, 2017. Appellant did not object to the findings contained in the judicial report.

{¶ 4}  On March 20, 2020, appellant filed an answer and counterclaim to appellee's complaint for partition. Appellant counterclaimed that its interest in the property was at least an undivided one-half and disputed the extent of appellee's interest in the property. In addition to its counterclaim, appellant also filed an action to quiet title to the property.

{¶ 5}  The chain of title reflected in the record reveals the parties' predecessors in interest each owned an undivided one-third interest in the property, along with the Grundstein Family Trust ("Grundstein Trust") who owned the remaining one-third interest. Upon the death of Mr. Grundstein in 1997, his heirs agreed in a written instrument signed in May 1997 to make no claim whatsoever as to his interest in the property or monies from Beim & Grundstein Insurance Agency or Albert and Garold Beim, individually, in exchange for indemnification as to any debts owed by Mr. Grundstein.[2]

---

[1] According to appellee's complaint, Swan Super Cleaners, Inc., Nick Miller & Associates Insurance Agency, Inc., and Nick Miller were added as parties that may have an interest in the property by virtue of a lease of a portion of the property. The Franklin County Treasurer was added as a party by virtue of its lien for real estate taxes on the property for which both appellee and appellant's interests in the property are encumbered.

[2] The May 1997 instrument states the following:

{¶ 6}   Thereafter, pursuant to a deed signed on September 5, 1997 ("September 1997 deed"), Leonard R. Janis and Albert Beim, as co-trustees of the Grundstein Family Trust, "for good and valuable consideration paid," conveyed its entire interest to the Betty J. Beim Living Trust ("the Beim Trust") and Marjorie L. Friedman.  (Aug. 27, 2020 Memo in Opp., Ex. B.)  Both Leonard R. Janis and Albert Beim signed the September 1997 deed as co-trustees.  According to a real property conveyance fee statement of value and receipt dated October 15, 1997, $133,333.33 was paid to the Grundstein Trust as consideration for the property.  The September 1997 deed was filed with the Franklin County Recorder on November 20, 1997.  The September 1997 deed does not reflect that "equal shares" were conveyed, but rather states that the Grundstein's "ENTIRE" interest was conveyed to the grantees.  (Memo in Opp., Ex. B.)

{¶ 7}   Whether the consideration was paid by appellee's predecessor in interest, the Beim Trust, was questioned by appellant in its action to quiet title.  Appellant supported its claim with the affidavit of Lynne G. Groban whose parents created the Grundstein Trust. Groban averred in her affidavit dated August 24, 2020 that she did not believe the Beim Trust or Friedman paid any consideration for their respective one-sixth interest in the property conveyed by the Grundstein Trust, even though the transfer documents, in part, suggested otherwise.

---

The undersigned, being the heirs and next of kin, of Richard H. Grundstein, who died a resident of Columbus, Franklin County, Ohio, on the 29th day of January, 1997, and Albert and Garold Beim and Beim & Grundstein Insurance Agency hereby agree that Mr. Grundstein's interest in the insurance agency known as Beim & Grundstein had zero value at the time of Mr. Grundstein's death. The primary reason that Mr. Grundstein's interest was valued as zero is due to the fact that Mr. Grundstein owed the insurance agency a sum equal to or greater than any interest which he may have claimed at the time of his death.

Therefore, the undersigned as the heirs and next of kin of Mr. Grundstein, agree to make no claim whatsoever, whether as heirs of his estate or beneficiaries of the Richard H. Grundstein Loving Trust, for any property or monies from Beim & Grundstein Insurance Agency or Albert and Garold Beim, individually. Further, Beim & Grundstein Insurance Agency and Albert and Garold Beim agree to make no claim for any monies due from the Estate of Richard H. Grundstein and additionally agree to indemnify and hold harmless the heirs of Richard H. Grundstein, his estate and Loving Trust from any and all claims arising out of the business of the agency whether past, present, or future.

(Aug. 27, 2020 Memo in Opp., Ex. A.) Barbara Schaefer, Lynne G. Groban, Albert Beim for Beim & Grundstein Insurance, Albert Beim, and Garold Beim signed the written instrument.

{¶ 8}    After the Grundstein Trust conveyed its entire interest, the Beim Trust and Friedman each held one-half interest in the property which they subsequently conveyed. The Beim Trust conveyed an undivided one-half interest in the property to Garold L. Beim pursuant to a warranty/trustee deed signed March 29, 2016.  Relevant to the matter at bar, the warranty/trustee deed reflects:

> Garold L. Beim and Judith Sue Beim, Co-Trustees of *The Betty J. Beim Living Trust Dated February 21, 1996, Grantor,* with warranty and fiduciary covenants, for valuable consideration paid, hereby sells, grants and conveys to Garold L. Beim, married Grantee, with every other power, whose tax-mailing address is * * * the following described Real Property; Situated in County of Franklin, in the State of Ohio and in the City of Columbus: Being an undivided one half/1/2 interest in the following described real estate.
>
> See Attached Exhibit A
> Street Address: 2774 E. Main Street, Columbus, OH

(Judicial Report at 18.)  Appellant acquired possession of a one-half interest in the property from Garold L. Beim pursuant to a quit claim deed dated September 20, 2016, and recorded on January 19, 2017.

{¶ 9}    The amended and re-stated Marjorie Lois Friedman Trust granted its interest in the property to appellee pursuant to a quit claim deed signed on February 9, 2020.

{¶ 10}  Appellant's counterclaim for quiet title questioned the September 1997 transfer of the Grundstein Trust's interest in the property to the parties' predecessors in interest.  Appellant claimed that the transfers of interest by the trustees of the Grundstein Trust to the Beim Trust and Friedman were nullified by a conflict of interest created by a direct relationship between the trustees and the grantees.  Specifically, co-trustee Leonard Janis transferred one-half interest to his mother-in-law, Friedman, and co-trustee Albert Beim transferred one-half interest to his wife, Betty Beim.  Appellant also alleged there was no proof that valuable consideration was paid by the parties' predecessors in interest for their respective portions of the Grundstein Trust's interest.  It was on the basis of these allegations that appellant requested that the trial court reduce appellee's interest in the property from its one-half interest to one-third and determine the proper distribution and

transfer of the Grundstein Trust's interest in the property. Subsequent to appellant's answer and counterclaim, and in the course of litigation, appellant did not deny appellee's right to seek partition of the property, however, appellant maintained its dispute as to the extent appellee held an interest in the property.

{¶ 11} On April 7, 2020, appellee filed an answer to appellant's counterclaim, asserting 15 defenses, including that appellant's claims related to the September 1997 transfer of interests in the property were barred by the 21-year statute of limitations as set forth in R.C. 2305.04.

{¶ 12} On June 29, 2020, appellee filed a motion for summary judgment as to its claim for partition and appellant's counterclaim to quiet title. Appellee's motion averred it was entitled to partition as a matter of law. As to appellant's counterclaim to quiet title, appellee argued that appellant was conveyed an undivided one-half interest in the property, a transfer that reflected the rights the grantor had at the time of transfer, and therefore appellant cannot claim a larger share. Due to the equitable nature of the parties' pending claims before the trial court, appellee requested summary judgment as to the parties' claims for partition and quiet title.

{¶ 13} On August 27, 2020, appellant filed a memorandum in opposition to appellee's motion for summary judgment and motion for additional time to conduct discovery under Civ.R. 56(F). Therein, appellant requested that the trial court deny appellee's motion for summary judgment in order to conduct a trial or allow more time for discovery to determine the true legal and equitable ownership interest of appellee. In support of its arguments, appellant filed the following exhibits: the May 1997 written instrument, the September 1997 deed, conveyance fee statement dated October 15, 1997, and affidavit of Groban. Appellee filed a reply to appellant's memo in opposition on September 10, 2020.

{¶ 14} On May 7, 2021, the trial court filed a decision and entry granting appellee's motion for summary judgment, denying appellant's motion for additional time to conduct discovery under Civ.R. 56(F), and ordered partition of the property. The court found that appellee was entitled to partition as a matter of law pursuant to R.C. 5307.04, which was not disputed by appellant. As for appellant's claim to quiet title, the court agreed with

appellee that appellant acquired its interest in the property from a quit claim deed which only conveyed a one-half interest. On this basis, the court found that appellant was not entitled to more than what it received from its predecessor. The court also considered appellant's equitable interest claims and found that summary judgment was warranted finding that the authority on which appellant cited to support its equitable claim did not apply to the parties and, further, if the court were able to look past the deed by which appellant was conveyed its' interest, any claim concerning the transfer of interest by the September 1997 deed would be time-barred.

## II. Assignments of Error

{¶ 15} Appellant appeals and assigns the following two assignments of error for our review:

> I. The Trial Court erred when it granted Plaintiff-Appellee's motion for Summary Judgment on Plaintiff's claim for partition under Civ.R. 56 filed June 29, 2020.

> II. The trial court erred when it denied Defendant-Appellant's motion under Civ.R. 56(F) for additional time to conduct discovery filed August 27, 2020.

## III. Analysis

### A. First Assignment of Error

{¶ 16} Prior to addressing appellant's arguments in support of its first assignment of error, we will review the trial court's finding that the statute of limitations time-barred appellant's claim to quiet title and therefore summary judgment was warranted.

{¶ 17} The Supreme Court of Ohio has held that the statute of limitations prohibits an action unless it is "commenced" prior to the expiration of the statute. *Moore v. Mt. Carmel Health Sys.*, 162 Ohio St.3d 106, 2020-Ohio-4113, ¶ 1. Pursuant to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." R.C. 2305.03(A) further provides, "a civil action may be commenced only within the period prescribed in sections 2305.04 to 2305.22 of the Revised Code." Providing rationale for the limitation of claims, this court has held that statutes of limitation seek to prescribe a reasonable period of time in which

an injured party may assert a claim, after which the statute forecloses the claim and provides repose for the potential defendant. *Prysock v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 01AP-1131, 2002-Ohio-2811, ¶ 10.

{¶ 18} The trial court found that the statute of limitations applied to appellant's claims concerning the trustees' transfer of the Grundstein Trust's interest in the property, in addition to any claims appellant could raise concerning the September 1997 deed.

{¶ 19} In determining which statute of limitations applied to appellant's claims, the trial court held that the actual nature or the subject of the case are the determinative factors, the form in which the action was pled is immaterial. The court also observed that it is well settled that "[a] party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail itself of a more satisfactory statute of limitations." (Internal quotations omitted.) (Decision & Entry at 11, quoting *Potter v. Cottrill*, 4th Dist. No. 11CA685, 2012-Ohio-2417, ¶ 10, quoting *Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio App.3d 56, 2006-Ohio-1343, ¶ 14 (10th Dist.).)

{¶ 20} The trial court first addressed appellee's argument that appellant's claim to quiet title was really a claim for breach of fiduciary duty related to the trustees' transfer of the Grundstein Trust's interest in equal shares to the Beim Trust and Friedman. The court noted that appellee's argument relied on the language found in appellant's counterclaim which alleged the transfer of interest "violated their role as Trustees." (Decision & Entry at 11.) The trial court agreed with appellee and found that appellant's claim regarding the trustees' transfer of the Grundstein Trust's interest in the property was a claim for breach of fiduciary duty which was time-barred by a four-year statute of limitations pursuant to R.C. 2305.09(D).[3]

---

[3] The trial court did not specify when a claim for a breach of fiduciary duty accrues. However, we observe that this court has found that " '[a] claim for breach of fiduciary duty accrues when the claimant's interest is impaired by such a breach, rather than when the breach is discovered.' " *Clemens v. Nelson Fin. Group, Inc.*, 10th Dist. No. 14AP-537, 2015-Ohio-1232, ¶ 47, quoting *Wells v. C.J. Mahan Constr. Co.*, 10th Dist. No. 05AP-180, 2006-Ohio-1831, ¶ 29.

{¶ 21} The trial court then considered any claim that appellant might have concerning the September 1997 deed as one seeking deed reformation and as a claim to quiet title.

{¶ 22} First construing appellant's claims regarding the September 1997 deed as an action for deed reformation, the trial court found that Ohio courts have generally indicated that R.C. 2305.14 applies to actions in equity, and further, that courts have applied R.C. 2305.14 to cases seeking deed reformation. Because a claim for deed reformation accrues upon the execution of the written instrument, the court found appellant's claim regarding reformation of the September 1997 deed would be time-barred pursuant to the ten-year statute of limitations set forth in R.C. 2305.14.[4] .).

{¶ 23} The trial court then considered appellant's claims regarding the September 1997 deed as an action to quiet title. The court found that numerous Ohio courts have held a claim to quiet title is subject to a 21-year statute of limitations. The court further determined that pursuant to R.C. 2305.04, "[a]n action to recover title to * * * real property shall be brought within twenty-one years after the cause thereof accrued." (Decision & Entry at 12.) Finding that the cause of action accrued in 1997 when the Grundstein Trust's interest was split between the Beim Trust and Friedman, the court concluded, "even under the most generous statute of limitations that this Court could apply, [appellant's] claims are time barred." (Decision & Entry at 13.)

{¶ 24} Appellant's arguments do not address as an assignment of error, or challenge, the trial court's findings that the statute of limitations applied to prohibit appellant's claim to quiet title. When this was raised to appellant at oral argument, appellant acknowledged that its brief did not touch on the application of the statute of limitations and agreed that it only contests what the conveyances mean despite the trial court's date driven analysis.

{¶ 25} Appellant denies that its claim to quiet title challenged the deeds in appellee's chain of title. Rather, appellant argues that its claims sought to determine the parties' respective equitable ownership in the property, which appellant contends might be

---

[4] R.C. 2305.14 provides: "An action for relief not provided for in sections 2305.04 to 2305.131 and section 1304.35 of the Revised Code shall be brought within ten years after the cause thereof accrued."

different from legal title. It is on this basis that appellant asserts its counterclaim to quiet title sought reformation of the 2016 deed to correctly state the interest conveyed by the Grundstein Trust, which appellant asserts is not beyond the statute of limitations.

{¶ 26} We disagree that appellant's claims only sought reformation of the 2016 deed. On our review, appellant's arguments regarding the equitable ownership interests of the parties relate to the September 1997 deed. The trial court's consideration of appellant's claims concerning the September 1997 deed found, " 'Generally, Ohio courts have indicated that R.C. 2305.14 applies to actions exclusively in equity.' " *Schlabach v. Kondik*, 7th Dist. No. 16 HA 0017, 2017-Ohio-8016, ¶ 19, quoting *State ex. rel. Lien v. House*, 144 Ohio St. 238 (1944); *see also Bd. of Edn. of the Loveland City School Dist. v. Bd. of Trustees of Symmes Twp.*, 1st Dist. No. C-170407, 2018-Ohio-1731, ¶ 28, citing *Lien* at 244-45; *Seitz v. Stevenson*, 4th Dist. No. 97 CA 42 (June 16, 1998); *Biggins v. Garvey*, 90 Ohio App.3d 584, 606 (11th Dist.1993). Further, as cited by the trial court, the Supreme Court in *Browne v. Artex Oil, Co.*, 158 Ohio St.3d 398, 2019-Ohio-4809, held: " '[t]hrough R.C. 2305.03(A) and the catchall limitations period in R.C. 2305.14, the General Assembly has instructed that *any civil action* is subject to a statute of limitations.' " (Emphasis added.) (Decision & Entry at 10, quoting *Browne* at ¶ 31.) Therefore, we find in accord with *Browne* that appellant's claim to quiet title is subject to the statute of limitations whether appellant raises a claim asserting an equitable or legal interest and appellant has not provided authority to the contrary.

{¶ 27} Further, appellant does not dispute the dates at issue in the instant matter. This court has held, " '[g]enerally, a cause of action accrues at the time the wrongful act is committed.' " *Union Sav. Bank v. Lawyers Title Ins. Corp.*, 191 Ohio App.3d 540, 2010-Ohio-6396, ¶ 25 (10th Dist.), quoting *Harris v. Liston*, 86 Ohio St.3d 203, 205 (1999). Here, appellee filed its complaint for partition of real estate on February 2, 2020. Appellant filed its answer and counterclaim on March 20, 2020. However, the cause of action for which appellant asserts its claims accrued on September 5, 1997.

{¶ 28} We agree with the trial court's analysis and application of the statutes of limitations, and we find that at the time this cause of action commenced, any claim asserted by appellant to quiet title, as well as any claim related to the September 1997 deed, was

barred by the statute of limitations addressed by the trial court, the most generous being the 21-year statute of limitations outlined in R.C. 2305.04.

{¶ 29} Even, assuming arguendo, if, as appellant suggests, a statute of limitations did not apply to appellant's claims regarding the 1997 deed, we would find the trial court did not err in its analysis of the merits of this suggestion.

{¶ 30} Prior to examining whether the statute of limitations applied to appellant's claims, the trial court found that appellant acquired its interest in the property from a quit claim deed which only conveyed a one-half interest. On this basis, the court found appellant was not entitled to more than what it received from its predecessor.

{¶ 31} The court next considered appellant's argument that the court could look beyond the parties' deeds to determine the parties' equitable ownership interests in the property, which appellant argued was different from a legal interest. Appellant's argument relied on case law articulated in *Rardin v. Estate of Bain*, 7th Dist. No. 08 CA 853, 2009-Ohio-3332, which held that when a deed is silent as to the respective interests of each owner, a rebuttable presumption exists that the shares of the parties are equal, however, when sufficient evidence is provided, the presumption of equality is rebutted, and the proceeds of a partition sale may be distributed in accord with amounts contributed or other equitable factors.[5] The court did not find the cases upon which appellant relied applied to the parties, observing that the parties had never appeared as co-grantees to a deed and were conveyed a one-half interest in the property by deeds through separate chains of title, primarily from other sources.

{¶ 32} Lastly, the trial court found that even if it was able to look past the deed by which appellant was conveyed its' interest, any claim concerning the transfer of interest by the September 1997 deed would be time-barred under the statute of limitations.

---

[5] Appellant further supported its argument by citing to two cases. The first, *Bryan v. Looker*, 94 Ohio App.3d 228 (3d Dist.1994), addressed tenants in common in possession of property for which the parties were both listed on the deed, but was silent as to the parties' respective interests in the property. The second case, *Huls v. Huls*, 98 Ohio App. 509 (12th Dist.1954) involved the appellant's claim for sole ownership of a farm, subject to the contributions of the appellee, that was titled to both of the parties, but silent as to their respective interests. (Appellant's Brief at 11.) (*See also* Memo in Opp. at 5-6.)

{¶ 33} Based on our de novo review, we find the trial court construed appellant's claims in a light most favorable to appellant and that the trial court did not err when it granted appellee's motion for summary judgment as to appellant's action to quiet title and any claims related to the 1997 deed.

{¶ 34} Accordingly, we overrule appellant's first assignment of error.

**B. Second Assignment of Error**

{¶ 35} In its second assignment of error, appellant argues the trial court erred when it denied appellant's motion under Civ.R. 56(F) for additional time to conduct discovery filed August 27, 2020.

{¶ 36} Appellant argues that the trial court abused its discretion when it denied appellant's Civ.R. 56(F) motion given the significance of the disputed factual issues and the unusual circumstances presented by the pandemic emergency. Appellant contends the circumstances of the matter at bar do not demonstrate a lack of diligence in conducting discovery. *See Whiteside v. Conroy*, 10th Dist. No. 05AP-123, 2005-Ohio-5098, ¶ 39.

{¶ 37} Appellant's arguments in support of its second assignment of error do not address the statute of limitations as applied by the trial court. As counsel for appellee notes, this court has observed that " ' "where discovery proceedings would not * * * aid in the establishment or negation of facts relating to the issue to be resolved, it is not an abuse of discretion for a court to grant a motion for summary judgment before such proceedings are completed." ' " *Ferron v. Ray*, 10th Dist. No. 00AP-699 (Dec. 21, 2000), quoting *Glimcher v. Reinhorn*, 68 Ohio App.3d 131, 138 (10th Dist.1991), quoting *Ball v. Hilton Hotels, Inc.*, 32 Ohio App.2d 293 (1st Dist.1972). Because we find the statutes of limitations apply to appellant's arguments, and that additional discovery proceedings would not aid in establishment of any facts related to the statutes of limitations, we find the trial court did not abuse its discretion in denying appellant's motion on this basis.

{¶ 38} Therefore, we find the trial court did not abuse its discretion when it denied appellant's Civ.R. 56(F) motion for additional time for discovery.

{¶ 39} Accordingly, we overrule appellant's second assignment of error.

**IV. Conclusion**

{¶ 40} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas. Appellant's motion for stay filed October 15, 2021 is denied as moot.

*Judgment affirmed.*

SADLER and MENTEL, JJ., concur.

———————————